BRADLEY *vs.* FARRINGTON.

Where a contract is made for the payment of *corn* or other *farm produce*, no time or place of payment being fixed by the contract, a *demand* is necessary before suit.

THIS was an appeal from a justice of the peace, tried in the Crawford Circuit Court, in March, 1842, before the Hon. RICHARD C. S. BROWN, one of the circuit judges. Farrington originally sued Bradley, by summons, " *in an action on assumpsit.*" Bradley pleaded non-assumpsit and set off, and Farrington obtained judgment for $27 21 cents. Bradley appealed. In the circuit court, the account filed by Farrington was simply for 90 bushels of corn, $45. All the evidence offered by Farrington, was in regard to corn, agreed to be paid him by Bradley, for the rent of a piece of land. The defendant objected, that evidence concerning a contract for rent, and the non-payment of it, could not be admitted to sustain the account; but the objection was overruled. There being no evidence that the contract fixed the time or place for the delivery of the corn, the court instructed the jury, that they were the sole judges from the evidence, whether the parties had agreed upon the time and place of delivery of the corn; and, if they did, it was equal to a demand, and no demand was necessary. That, when Farrington proves the contract, Bradley must show that he paid

Bradley *vs.* Farrington.

the corn, or the jury will be bound to find for Farrington. That, in actions for rent, where it is proved that the tenant promised to pay the contract in corn, or other specific article, before the landlord can recover money, he must prove a demand of the rent, telling the tenant the amount actually due; and this must be proved at the trial. And that, in an action for goods, or other things sold, a delivery must be proved. The jury found for Farrington $35, for which judgment was rendered, and Bradley brought error.

The case was argued here by *Paschal,* for the plaintiff in error.

*By the Court,* DICKINSON, J. During the trial, Farrington moved the court for instructions to the jury, which, though very general in terms and language, we understand to be, that, if they were satisfied, from the evidence, that the time and place of delivery had been specified and agreed upon by the parties, no demand of the corn, by Farrington, was necessary to entitle him to a recovery, but, that Bradley must prove the payment of it. We have not deemed it necessary to state the testimony introduced, nor the other instructions given to the court, as neither can have any bearing upon the decision of the case.

The only question is, was a demand necessary before action brought? The evidence did not determine as to the time or place of payment. Consequently, they remain to be fixed by the election of one party or the other, and the rights of each must be considered, with a due regard to the nature of the case. The creditor would be required to make the demand in the season to pay in farm produce, as such contracts are presumed to be in favor of the debtor. 5 *Cow. Rep.* 516. A contract payable in *portable* specific articles, at a day certain, not at any specific place, are payable at the creditor's residence. But "not so as to specific articles which cannot attend the person of the debtor." They are supposed to be at the debtor's place of residence, and the creditor, therefore, must demand the payment. Farm produce is presumptively on a farm, and has locality attached to it. The court, in our opinion, clearly erred in the instruction that Farrington was not bound to prove a demand of the corn, before a right of action accrued to him.

Judgment reversed.