Nov. Term,
1851.

BREWER
v.
THORP.

---

## BREWER v. THORP.

Where it is a part of the contract for the future conveyance of land, that the vendee shall labor for a specific period for the vendor, the vendee cannot entitle himself to the conveyance by tendering a sum of money, after the time fixed for the execution of the deed, as an equivalent for the non-performance of the labor; at least, unless the performance of it was prevented by the vendor.

*Thursday, January 27, 1852.*

ERROR to the *Randolph* Circuit Court.

SMITH, J.—This was a bill in chancery to obtain the specific performance of a contract for the sale of a tract of land.

The bill alleges that, on the 11th of *November*, 1845, *Israel Thorp*, the defendant, was the owner of the tract of land in question, and sold the same to his son, *Greenberry Thorp*, for a sum, the precise amount of which is unknown to the complainant; that said *Greenberry* had paid the full amount of the purchase-money, except 50 dollars, which was to have been paid in cash on or before the 25th of *December*, 1846, and three months' labor, which was to

have been performed by the said *Greenberry* on the farm of the said *Israel*, and as to which no definite time was fixed.

A title-bond executed by the said *Israel* to the said *Greenberry*, is also set out. This bond is in the penalty of 300 dollars, and is conditioned that said *Israel*, or his heirs, shall, on or before the 25th of *December*, 1846, at the request of said *Greenberry*, or his assigns, make a good deed for said land to the said *Greenberry*, or his assigns, and shall, in the meantime, permit said obligees to remain in possession. It contains no stipulation as to the payment of purchase-money.

The bill alleges that, on the 10th of *December*, 1846, the said *Greenberry* assigned said bond to the complainant, the latter agreeing to pay the 50 dollars remaining due, and also the balance due on the work remaining to be done by the said *Greenberry* for the said *Israel*. It is also alleged that the said *Greenberry* had performed one and a half months' work pursuant to the contract, and had been hindered from performing the balance; but it is not stated *how* he was so hindered.

The complainant avers that since the expiration of the time at which said *Israel* was to make the deed, to-wit, on the 18th of *January*, 1847, and at divers other times, the complainant called upon him, informed him that he held the title-bond, and requested a deed; and that the complainant tendered him 71 dollars, and now brings that sum into Court for him, and also tendered him a deed to execute, and that he refused to do so.

The bill further alleges that at the time of the sale to *Greenberry*, there was a mortgage to the school commissioner to secure the payment of 75 dollars, which then was, and still is, an incumbrance on the land.

Prayer, that said *Israel* be required to pay said mortgage-debt and execute a deed to the complainant.

The bill was demurred to, for want of equity, and because *Greenberry Thorp* was not made a party.

The Court sustained the demurrer, and then ordered the bill to be continued over to give the complainant time

Nov. Term,   to amend by making the said *Greenberry* a party.   At the
1851.      next term, the complainant having failed to amend, the

SYMONS     bill was dismissed.
v.
SMITH.       We think the bill was rightly dismissed, on the ground
that it does not show a sufficient performance of the con-
tract set out, on the part of the vendee, to entitle the
latter or his assignee to enforce a specific performance by
the vendor.   If it was a part of the contract of purchase,
as the complainant himself alleges it was, that the ven-
dee was to perform a certain amount of labor for the
vendor, the tender by the complainant of a sum of money
at the time mentioned in the bill, was not an equivalent,
at least unless the performance of the work was pre-
vented by the vendor.   It is not charged that the vendee
was hindered from performing the labor by any act of the
vendor, and as we consider the bill fatally defective in
this particular, it is unnecessary to examine any other
objection made to it.

  *Per Curiam.*—The decree is affirmed, with costs.

  *D. Kilgore*, for the plaintiff.

  *B. McClelland*, for the defendant.