May Term,
**1861.**

WILSON
v.
DALE.

--------------►·◆·◄--------------

WILSON *v.* DALE.

Suit for goods sold and delivered. Answer: that the plaintiff, a wagon maker, and the defendant, a worker in iron, agreed together that defendant should take from the plaintiff such work as he might need in plaintiff's line of business, during the year 1859, and that plaintiff should receive of defendant, in payment therefor, work and materials in his, defendant's line of business, at his shop, &c.; that all the items sued for were furnished under said agreement, and that defendant has been at all times ready and willing to do any labor or furnish any materials, in his line of business, in payment for said articles, but plaintiff has neglected and refused, &c.

*Held,* that the contract set up in the answer was valid and binding, and constituted a good defense to the action.

APPEAL from the *Fayette* Common Pleas.

PERKINS, J.—Suit by *Dale* against *Wilson,* for the value of divers manufactured articles. Answer:

*Thursday,*
*June 13.*

1. That on, &c., the plaintiff and defendant entered into this agreement, viz., that for all the work and labor done and materials furnished by the plaintiff (a manufacturer of wagons, &c. in *Connersville*) to the defendant, during the year 1859, in the line of his trade, the plaintiff would take pay of the defendant (a workman in iron in said town) in his work and materials at his shop; that in pursuance of said agreement, the defendant got of the plaintiff the articles sued for, and has performed iron work and furnished materials at his shop in payment, whenever requested, amounting, thus far, to the sum of, &c.; and that he has ever been, and now is, ready and willing, on request, to perform any and all labor

May Term, 1861.

WILSON
v.
DALE.

and furnish any and all materials, pursuant to the agreement, at his shop in said town, and has offered to do so, but the plaintiff has failed, &c.

2. That on, &c., at, &c., the plaintiff, a wagon maker in *Connersville*, and the defendant, an iron worker in said town, entered into the following contract: The plaintiff agreed, in consideration that defendant would take from plaintiff such work as he might need in plaintiff's line of manufacture, during the year 1859, that plaintiff would take from said defendant, in full payment therefor, at his shop in said town, work and materials in his line of labor and manufacture; that all of the items now sued for were taken by said defendant under and in pursuance of said agreement and contract; that defendant has performed work and furnished materials to the plaintiff, pursuant to said contract, in payment therefor, to a large amount, to wit, the sum of, &c. (setting out items,) and that he has been at all times, and still is, ready and willing to perform fully said agreement, by performing any labor and furnishing any materials and articles in his line of business, at his shop in said town, and has at all times offered so to do, to the full value of articles furnished to him by plaintiff, under said agreement, but plaintiff has neglected and refused, &c.

A demurrer to both paragraphs of the answer was sustained, on the ground that facts were not stated constituting a defense, and the plaintiff had judgment. We are unable to see why the contract was not a binding one, and no authority has been cited to the contrary. The statute of frauds can not be brought to bear upon it. It was to be performed within a year, related to personalty, and was partly executed. It was upon a valuable consideration. It was sufficiently certain to be understood by a mind of ordinary comprehension. It was not against public policy, but was in accordance with convenience and usage. It was safe for the plaintiff. Whenever he furnished the defendant an article, the right accrued to him to demand immediate payment in the mode prescribed, and if it was not made in a reasonable time, he could cease to furnish further, and sue for those delivered.

A contract, to be executed by the performance of labor, or the delivery of specific articles, certainly is legal, and may

be binding.  *Brewer* v. *Thorp*, 3 Ind. 262;  *McKernon* v. *McCormick*, 2 *id.* 318;  *Frazee* v. *McChord*, a case much in point, 1 Ind. 224;  and the numerous cases collected in the Ind. Dig., at p. 292, *et seq.*  See, also, *Davis* v. *Murphy*, 14 Ind. 158.

The answer shows that the defendant has done all he could do, in the fulfillment of his contract, and that it is the fault of the plaintiff that it has not been fully performed.  The work and materials were to be done and furnished at the defendant's shop, after having been designated by the plaintiff.  The defendant could not perform the contract on his part, till the plaintiff had designated the work and materials he required in performance.

*Per Curiam.*—The judgment is reversed, with costs.  Cause remanded for further proceedings, in accordance with this opinion.

*J. M. Wilson* and *A. P. Newkirk*, for the appellant.
*Nelson Trusler* and *G. Trusler*, for the appellee.