### LEITER ET AL. *v.* EMMONS.

[No. 2,443. Filed April 21, 1898.]

CONTRACTS.—*Complaint.—Demand.*—A complaint for the price of certain wheat was based upon the following instrument: "Received of Lydia Emmons forty-two 35-60ths bush. wheat, in store, to be paid for on demand, in flour at 36 lbs. per bush., and twelve lbs. bran, subject to any loss by fire or otherwise." *Held,* that the complaint, to be good as against a demurrer, must allege a demand for payment in flour and bran. *pp. 23, 24.*

Leiter *et al. v.* Emmons.

CONTRACTS.—*Construction.—Extrinsic Evidence.*—Where it cannot be determined from a contract itself whether the parties intended a bailment or a sale, resort may be had to extrinsic evidence. *p. 25.*

SAME.—*Construction.—Usage.*—Although usage cannot control an express contract, yet, where a contract is ambiguous, the presumption is that it was made with reference to known usage or general course of the particular business. *p. 25.*

From the Fulton Circuit Court.    *Reversed.*

*George W. Holman, R. C. Stephenson* and *Baker & Bibler,* for appellants.

*Conner & Rowley,* for appellee.

ROBINSON, C. J.—Appellee sued appellants for the price of certain wheat alleged to have been sold and delivered by appellee to appellants. The complaint is in four paragraphs, each based upon a separate transaction. With each paragraph is filed a receipt given by appellants when the wheat was delivered. These are all substantially the same. That filed with the first paragraph is as follows: "Pottowatomie Mills, Rochester, Indiana, October 12, 1894. Received of Lydia Emmons forty-two 35-60ths bush. wheat, in store, to be paid for, on demand, in flour at 36 lbs. per bushel, and 12 lbs. bran, subject to any loss by fire or otherwise. Signed. Leiter & Peterson."

The receipt shows credits for a certain amount of flour and bran received in part payment.

It is alleged in the complaint that appellants had paid appellee at different times a certain amount of flour and bran as part of the purchase price of said wheat, and that after deducting such credits there remained due and owing appellee the market price of 25 and 22-60ths bushels, which was worth 67 cts. per bushel; that before the commencement of this action appellee "demanded of the said defendants, pay for said balance due her as aforesaid, and at the time of making such demand, wheat was worth, in Rochester,

Indiana, 67 cts. per bushel, but they refused and still refuse to pay the same, or any part thereof."

A demurrer was overruled to each paragraph of complaint. Appellant answered in four paragraphs, the first of which, the general denial, was withdrawn. Demurrers were sustained to the remaining paragraphs of answer.

A receipt may be so drawn that it will constitute a contract, and that was done in this case.

By the terms of the contract appellee was entitled to flour and bran only, in payment for the wheat. She had agreed to accept specific personal property in payment, and she was to receive it only upon demand. No time was fixed when appellants should deliver the flour and bran, nor were they required to do anything until a demand was made by appellee. It was incumbent upon her, before bringing suit, to demand of appellants flour and bran equivalent to the balance of the wheat. She does allege that she demanded pay for the balance of the wheat which was worth 67 cents per bushel. But this was not a demand for what appellants agreed to pay. The pleading does not show that appellants had failed or refused to do anything under the contract which they had agreed to do. A special demand of the flour and bran was a necessary part of appellee's cause of action, and the absence of this allegation from each paragraph makes the complaint bad against a demurrer. *Frazee* v. *McChord*, 1 Ind. 224; *Ewing* v. *French*, 1 Blackf. 170; *Wilson* v. *Dale*, 16 Ind. 399; *Davis* v. *Doherty*, 69 Ind. 11; *State* v. *Mooney*, 65 Mo. 494; *Bradley* v. *Farrington*, 4 Ark. 532; *Widner* v. *Walsh*, 3 Col. 548.

Other questions discussed by counsel, and which would arise on another trial, will be determined by the construction to be given the receipt above set out.

In construing the contract, and arriving at the in-

tention of the parties, effect must be given to all the expressions used therein, if that can be done.   If appellants had received the wheat and simply agreed to pay for it on demand, in flour and bran, the transaction would clearly be a contract of sale.   *Woodward* v. *Semans*, 125 Ind. 330.   But the parties evidently meant something by, using the words "in store" and "subject to any, loss by fire or otherwise."   For us to say that the contract was one of sale, we must say that the parties meant nothing by the words "in store," and this we cannot do, if the contract is capable of being construed with those words left in. The provisions of the contract are not necessarily contradictory, but the contract is ambiguous.   The limitation on the liability for loss by fire could have reference to but two things, either the wheat, or its equivalent, flour and bran.   It is clear it was not intended to apply to both, and it is equally clear that the parties intended it should apply to one or the other. As it cannot be determined from the contract itself whether the parties intended a bailment or a sale of the wheat, resort may be had to extrinsic evidence to show whether the transatcion was a bailment or a sale.   As it was a contract made with reference to a particular business, it is presumed that it was made with reference to the ordinary course of such business. In such case it would be proper to consider the general and known course of business of appellants.   While it is true that usage cannot control an express contract, yet where a contract is ambiguous, the presumption is that it was made with reference to the known usage or general course of the particular business.   In such case the question becomes one of fact to be determined as any other question of fact.   *Lyon* v. *Lenon*, 106 Ind. 567; *Rcissner* v. *Oxley*, 80 Ind. 580;

3 Am. and Eng. Ency. of Law (2nd ed.), 737; *Martindale* v. *Parsons*, 98 Ind. 174; *Swarts* v. *Cohen*, 11 Ind. App. 20. Judgment reversed, with instructions to sustain the demurrer to the complaint.