## Taylor et al. *v.* Leeson.

[No. 5,380.   Filed June 7, 1905.]

1. PLEADING.— *Complaint.— Contracts.—Consideration.*—A complaint for damages for the breach of an oral contract, which fails to allege a consideration therefor, is bad.   p. 621.
2. SAME.—*Complaint.—Aider by Verdict.*—A complaint for damages for a breach of contract, which shows no consideration therefor, is not aided by the verdict or judgment.   p. 622.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Richard L. Leeson, Jr., against Henry H. Taylor and another.   From a judgment for plaintiff, defendants appeal.   *Reversed.*

*Wilkie & Crockett,* for appellants.
*Melletle & Myers* and *Chipman, Keltner & Hendee,* for appellee.

BLACK, J.—This cause originated in the city court of the city of Elwood, whence it went by appeal to the court below.

It is assigned as error that the complaint does not state facts sufficient to constitute a cause of action.   There were two paragraphs of complaint.   In the first it was alleged, that in January, 1899, the appellants (defendants) were copartners in the hardware business, and as such operated a general hardware store in Elwood; that in that month the appellee (plaintiff) contracted with the appellants "to furnish and put a slate roof on a house that the plaintiff was

building," etc.; that the contract was verbal; that by its terms the slate "was to be the best quality of clear, unfading, Black Bangor roofing slate," of a designated thickness, as specified in the plans and specifications for the house, and the roof was to be rain-proof; that, in pursuance of this contract, the appellant put a slate roof on the house, and the appellee paid the appellants therefor $323; that the slate so furnished by the appellants for the roof was not the best quality of clear, unfading, Black Bangor roofing slate, and was not of the designated thickness, as contracted for, and as the appellants agreed to furnish; but the slate so furnished was of an inferior quality, was fading slate, was not of the required thickness, and, as a result of said inferior quality of slate, the pieces thereof in the roof "have been continually breaking and dropping out, so that since said roof was put on, in the summer of 1899, it had to be repaired twice, and is now out of repair;" that from one-third to one-half of the slate on the roof "has been faded out to a light color, giving said roof an ugly appearance, and that said roof is not water-proof;" that the appellee will have to remove the roof, and have another put on, to protect the house; that in so doing he will be put to still further expense and damage to the house, because of exposure; that because of said breach of the contract by the appellants, in furnishing and putting on the roof an inferior quality of fading slate, instead of the best quality of clear Black Bangor roofing slate, and in not making the roof water-proof, as they agreed and contracted to do, the appellee has been damaged in, etc. Wherefore, etc.

The second paragraph was like the first, except that a copy of the plans and specifications, so far as they related to the kind of slate to be used, was made an exhibit, and damage to the plastering and frescoing, by reason of water leaking in, was alleged.

1. The action is upon the oral contract, to recover damages for breach thereof; but a contract is not fully shown by

either paragraph of the complaint. The pleader has wholly failed to state a consideration for the promise alleged to have been broken. It is alleged that the appellee paid the appellants a specified sum, but it does not appear that this was the consideration agreed upon, or even that such payment constituted full performance on the part of the appellee. It is a settled rule that a pleader relying upon an oral contract, or upon a written agreement which does not show upon its face that it was made upon an adequate consideration, must show in the pleading that the contract so relied upon is supported by a sufficient consideration. *Higham* v. *Harris* (1886), 108 Ind. 246; *Louisville, etc., R. Co.* v. *Barnes* (1896), 16 Ind. App. 312.

The facts with reference to the consideration should be stated in the pleading. *Brush* v. *Raney* (1870), 34 Ind. 416. "In stating a contract in a pleading, the consideration must be stated, as well as the promise, in every case except where the pleading is upon a deed, bill of exchange, promissory note, or other instrument in writing which imports a consideration." *Leach* v. *Rhodes* (1874), 49 Ind. 291. See *Durland* v. *Pitcairn* (1875), 51 Ind. 426; *Keesling* v. *Watson* (1883), 91 Ind. 578; *Plunkett* v. *Black* (1889), 117 Ind. 14.

*Poundstone* v. *Lewark* (1836), 4 Blackf. 173, was an action commenced before a justice of the peace, for an alleged breach by the defendant of his contract whereby he undertook to build a chimney. The complaint was held bad on demurrer, because of failure to allege a consideration for the defendant's promise.

2. Such a defect in a complaint is not cured by verdict. *Robinson* v. *Barbour* (1841), 5 Blackf. 468.

Both paragraphs of the complaint were plainly insufficient. Judgment reversed.