## DOTSON *v.* FAULKENBURG ET AL.

[No. 23,292. Filed June 21, 1917.]

1. HUSBAND AND WIFE.—*Deeds to Husband and Wife.—Estates Granted.—Statute.*—Under §§3953, 3954 Burns 1914, §§2922, 2923 R. S. 1881, relating to estates created by conveyances of land to two. or more persons, a conveyance of land to a husband and wife will not make them tenants in common, unless so expressed in the deed, but tenants by entireties. p. 419.

2. HUSBAND AND WIFE.—*Deeds to Husband and Wife.—Estates Granted.*—A deed to husband and wife providing that the grantees were "to hold the above described land during their natural life and their half of the proceeds to go to his heirs and half to hers" conveyed to the husband and wife title in fee, under the rule in Shelley's Case. p. 420.

3. HUSBAND AND WIFE.—*Joint Tenants.—Estate of Survivor.*—Where a husband and wife hold land as joint tenants, the surviving widow takes the whole estate, unless the interest of the husband has been alienated prior to his death. p. 420.

4. HUSBAND AND WIFE.—*Tenancy by Entireties.—Estate of Survivor.*—Where a husband and wife hold lands in fee as tenants by entireties, the survivor takes the whole estate. p. 420.

From Crawford Circuit Court; *William Ridley,* Judge.

Action by John Faulkenburg and others against William Dotson. From a judgment for plaintiffs, defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*John W. Ewing, Ward H. Watson, James E. Watson* and *Sol H. Esarey,* for appellant.
*Samuel A. Lambdin,* for appellees.

ERWIN, C. J.—This action was brought by appellees against appellant asking for partition of real estate on a complaint in one paragraph. To this complaint a demurrer for want of facts was filed and overruled by the trial court. Appellant filed an answer in two para-

graphs, to which appellees demurred for want of facts, which demurrer was sustained and the court entered judgment for appellees decreeing partition, and from this judgment the appeal is prayed. The question for decision in this case is presented by the two paragraphs of answer and the court's ruling in sustaining a demurrer thereto.

The claim of appellees and appellant to said real estate in question is based upon the construction to be given a certain deed set out in the paragraphs of answer; appellant being the heir at law and devisee of Mary Faulkenburg, deceased, and appellees being the heirs at law of Littleton Faulkenburg, deceased.

The deed as pleaded in each paragraph of answer, omitting formal parts and description of land, is as follows:

"This indenture witnesseth that I, George Feltner of Crawford County, in the state of Indiana, convey and warrant to Littleton Faulkenburg and Mary Faulkenburg, his wife of Perry county, Indiana, for the sum of six hundred dollars the following real estate in Crawford county, in the state of Indiana, (here follows a description of the land in question) the said Littleton Faulkenburg and his wife to hold the above described land during their natural life and then half of the proceeds to go to his heirs and half to hers".

This deed was duly executed January 15, 1897. In addition to setting out the deed in his answer, it is further averred therein that Littleton Faulkenburg died intestate in said county in the year 1900; that said Mary, his widow, presented a request to the circuit court on March 29, 1900, to have the estate of her deceased husband set off to her as worth less than $500; that after due and proper proceedings said court set off and confirmed in her the one-half interest in said lands as belonging to the deceased husband; that said

widow Mary paid off debts of her deceased husband to the amount of $350; that appellant, defendant, was the sole heir of said Mary Faulkenburg, and that prior to her death she conveyed the land in question to him, in consideration of care and support for fourteen years; that in addition to such conveyance she executed a will which was duly probated giving to him the land in controversy.

Several questions are involved in the construction of this deed. If the deed contains words such as will bring it within the rule in Shelley's Case, then these parties took a fee-simple title in the lands. If they took title in fee, Was the same a title by entireties, or was it a joint title or a title as tenants in common?

Section 3953 Burns 1914, §2922 R. S. 1881, is as follows: "All conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint-tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint-tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint-tenancy." Section 3954 Burns 1914, §2923 R. S. 1881, reads as follows: "The preceding section shall not apply to mortgages, nor to conveyances in trust, nor when made to husband and wife; and every estate vested in executors or trustees, as such, shall be held by them in joint-tenancy."

It will be seen by the terms of the statutes above referred to that in no event shall a conveyance to husband and wife be as tenants in common or joint tenants, unless so expressed in the deed, but as tenants by entireties.

In the case of *Jones* v. *Chandler* (1872), 40 Ind. 588,

591, this court, in construing the terms of a will which contained the provision, "To my son, Algernon R. Jones, his wife, and his heirs, seven-thirtieths (7-30) of all my estate," held that the limitation, "and his heirs" did not affect the wife's interest, as it constituted a single estate, and that the estate of the ancestor is no more affected by it than if the limitation had been to the heirs of both.

The rule in Shelley's Case is that: "Where a freehold is limited to one for life and by the same instrument the inheritance is limited, either mediately or immediately to 'heirs' or 'heirs of his body' the first·taker takes the whole estate, either in fee simple or fee tail." *Waters* v. *Lyon* (1895), 141 Ind. 170, 175, 40 N. E. 662, 1 Coke 88. We are of the opinion that the provisions in the deed "to hold the above described land during their natural life and then half of the proceeds to go to his heirs and half to hers" gave to the first takers title in fee in the land in question. It would be immaterial whether Faulkenburg and wife took as tenants in common, as joint-tenants or tenants by the entireties. If they took as tenants in common, the proceeding ·in court to have the interest of the husband set off to her as widow as being of less value than $500, as pleaded in the answers, would give to the surviving widow the land in fee. If. they took as joint tenants, then the surviving widow would take the whole of the estate, provided the interest of the husband had not been alienated prior to his death. *Wilkins* v. *Young* (1895), 144 Ind. 1, 6, 41 N. E. 68, 590, 55 Am. St. 162. If they took the lands in fee as tenants by the entireties then, of course, the survivor would take the entire estate. *Davis* v. *Clark* (1866), 26 Ind. 424, 89 Am. Dec. 471; *Arnold* v. *Arnold* (1868), 30 Ind. 305; *Chandler* v. *Cheney* (1871), 37 Ind. 391; *Jones* v. *Chandler, supra;*

*Carver* v. *Smith* (1883), 90 Ind. 222, 46 Am. Rep. 210; *Simons* v. *Bollinger* (1899), 154 Ind. 83, 56 N. E. 23, 48 L. R. A. 234.

In either event, the facts pleaded in the two paragraphs of answer were sufficient to withstand a demurrer, and the court erred in its ruling in that respect. Judgment is reversed, with instructions to overrule the demurrers to the first and second paragraphs of answer.

NOTE.—Reported in 116 N. E. 577. Estates by entireties: definition of, 30 L. R. A. 306, specifically on the question of survivorship of one spouse after the death (actual or civil) of the other, 30 L. R. A. 310; creation of, by conveyances to husband and wife, 32 Am. Dec. 444, 68 Am. Dec. 55, 97 Am. Dec. 428, 26 Am. Rep. 65. See under (1, 3, 4) 21 Cyc 1195-1198. See under (2). 30 L. R. A. 312.