## HAWKINS v. DORST COMPANY ET AL.

### [No. 23,260. Filed June 21, 1917.]

1. PRINCIPAL AND AGENT.— *Contracts by Agent.— Liability.— Evidence.*—In an action for the purchase price of a quantity of lodge buttons, where the evidence showed that the defendant, the supreme commissioner of a fraternal organization, was authorized by the lodge to buy the buttons and that the negotiations leading to the sale, conducted wholly by correspondence, clearly indicated that he was acting on behalf of the order, the evidence was insufficient to sustain a verdict for plaintiff. pp. 431, 432.

2. PRINCIPAL AND AGENT.—*Contracts by Agent.—Liability.*— Where a person is known to be contracting as agent for another who is known to be the principal such contract, if within the agent's authority, does not bind him personally, but binds the principal only. p. 432.

From Jay Circuit Court; *James R. Fleming,* Special Judge.

Action by the Dorst Company and others against Morton S. Hawkins. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Morton S. Hawkins* and *Frank J. Jaqua,* for appellant.

*Roscoe D. Wheat,* for appellees.

LAIRY, J.—The complaint in this case is based upon a common count for merchandise sold and delivered by appellee to appellant at his special instance and request. Appellee recovered judgment below and appellant appeals, assigning as the only error relied on the action of the trial court in overruling his motion for a new trial. Appellant asserts that the evidence is insufficient to sustain the verdict basing his right to a reversal solely upon this cause assigned in his motion for a new trial.

The evidence shows that the merchandise sold consisted of 1,000 enameled gold lodge buttons, emblematical of a fraternal order known as Larks. They were sold by appellee for the agreed price of $240, but appellant asserts that the undisputed evidence shows that the purchase was made by, and that the credit was extended to, The Supreme Temple of the Order of Larks, and that there is a total want of evidence to show that any sale was made to him as an individual.

There is undisputed evidence to show that The Supreme Temple of the Order of Larks at the time of the sale was an incorporated fraternal society and that appellee was the supreme commissioner of the organization. Appellant testified that he was authorized by trustees to purchase buttons for the society and this evidence is not disputed.

The negotiations which resulted in the sale were conducted wholly by correspondence consisting of four letters and a telegram. The first letter was signed, "Morton S. Hawkins, Supreme Commissioner, The Order of Larks," and informed appellee that the order of Larks wished to secure suitable buttons for the use of its members, gave a description of the kind of buttons desired and requested that the price be given by wire. This letter was answered by a telegram quoting prices, which was followed by a letter confirming the prices quoted in the telegram and containing a description of

the button proposed to be furnished. The next letter, which contains the proposal to purchase, is signed by The Supreme Temple of the Order of Larks and is addressed to The Dorst Company. It directed appellee to make 1,000 buttons at $240 per thousand, stating that a drawing for Lark buttons was enclosed, and requesting appellee to state terms of payment. This letter further stated that the order was given with the understanding that The Supreme Temple of the Order of Larks, a voluntary association, organized under the laws of Indiana, or its assigns, should own the drawings for the button and the exclusive right to copyright and trade-mark the same and the buttons made therefrom. The letter completing the contract of sale was written by appellee accepting the order and stating terms of payment.

The rule is well settled that where a person is known to be contracting as an agent of another who is known to be the principal, such contract, if within the authority granted to the agent, does not bind him personally but binds the principal only. *Hayes* v. *Shirk* (1906), 167 Ind. 569, 578, 78 N. E. 653; *Second Nat. Bank, etc.,* v. *Midland Co.* (1900), 155 Ind. 581, 58 N. E. 833, 52 L. R. A. 307. Both letters written by appellant and especially the one by which the goods were ordered, clearly indicated that he was acting for and in behalf of The Supreme Temple of the Order of Larks, and there was nothing in the transaction that could have justified appellee in believing that he was placing the order on his own account or that he was incurring any liability as an individual.

There is no evidence in the record to sustain a verdict against appellee. The judgment is therefore reversed, with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 116 N. E. 577.  See under (1) 31 Cyc 1552; 2 C. J. 812.  Personal liability of an agent on contract with third persons, 22 Am. St. 508.