MAY TERM, 1919. 597

Indianapolis Conservatory of Music *v.* McConnell—70 Ind. App. 597.

---

INDIANAPOLIS CONSERVATORY OF MUSIC *v.* McCONNELL.

[No. 9,853. Filed June 20, 1919.]

1. EXECUTORS AND ADMINISTRATORS.—*Assignment of Contracts.— Consideration.*—Where plaintiff's sister left defendant's conservatory before completing her paid-up course of study under a written contract between her father and defendant, and defendant and plaintiff verbally agreed that the latter might receive the remaining instructions under the contract, plaintiff, upon her appointment as administratrix of her father's estate and assignment of the contract by her as administratrix to herself as an individual, could not recover for a breach of the verbal contract in the absence of evidence showing consideration in that she had succeeded to the rights of her father in the original contract. p. 603.

2. CONTRACTS.—*Breach.—Action.—Pleading and Proof.*—In an action for an alleged breach of a contract to pay the purchase price of an automobile in living and tuition in defendant's school, a money demand was not authorized in the absence of pleading and proof of a breach of contract by defendant. p. 603.

From Marion Superior Court (100,653); *Theophilus J. Moll*, Judge.

Action by Sarah I. McConnell against the Indianapolis Conservatory of Music. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Pickens, Moores, Davidson & Pickens,* for appellant.

*Charles T. Kaelin* and *Elias D. Salsbury,* for appellee.

NICHOLS, P. J.—The appellee commenced this action by filing her complaint in the Marion Superior Court, which complaint was succeeded by an amended complaint and later by a reamended complaint, which said reamended complaint is identified in the record as an amended complaint and was the one upon which the case was tried.

It is in substance as follows: The appellant is indebted to the appellee in the sum of $147.95, with interest for money had and received from the appellee, all of which is more fully set out in the bill of particulars filed herewith, and which is a balance due the appellee by virtue of a verbal contract and agreement between appellee and appellant. Heretofore, to wit, January 1, 1910, William T. McConnell, father of appellee, sold an automobile to appellant for $450, in consideration of which appellant promised and agreed in writing, a copy of which agreement is filed herewith, to give appellee's sister certain living and tuition expenses in its conservatory of music. Appellee's sister, with the consent of the appellant, left said institution before all of said money was used therefor, and it was agreed verbally by appellee and appellant that appellee could use the unused money for tuition and living expenses in appellant's said conservatory. That heretofore, to wit, on the —— day of ——————, 19—, William T. McConnell died, and this appellee was appointed administratrix of his estate in Daviess county, Indiana. Appellee, as such administratrix, by permission of the

MAY TERM, 1919. 599

Indianapolis Conservatory of Music *v.* McConnell—70 Ind. App. 597.

court, assigned to herself, individually, any and all interest that she had as such administratrix in such contract, filed her final report as such administratrix, which was approved by the court, and she was discharged from said trust, which was closed. On October 4, 1914, it was verbally agreed between the appellee and appellant that the appellant under the said contract was indebted to appellee in the sum of $327.45. Appellee thereupon entered said school and received living and tuition in sums amounting to $179.50. Appellee has performed all of the contract on her part to be performed, and there is now due and unpaid to appellee the sum of $147.95, which appellant has wholly failed, neglected and refused to pay on demand. There is a demand for judgment of $175 and costs.

The bill of particulars filed with and as a part of said complaint was as follows:

### Exhibit A to Complaint.
### (transcript pp. 4, 5)

| | | |
|---|---|---|
| Jan. 1, 1910. O. M. Leader automobile | | $450.00 |
| June 30, 1911. Balance due on acc't. | $24.00 | |
| Jan. 1, Apr. 4, 1911. 23 voice lessons at $2.50 per lesson | 57.50 | |
| Jan. 1, Apr. 4, 1911. 14 piano lessons at $1.40 per lesson | 19.60 | |
| Jan. 1, Apr. 4, 1911. 6 weeks' board at $7.50 per week | 45.00 | |
| Jan. 1, Apr. 4, 1911. 6 weeks' board at $6.87½ per week | 48.13 | |
| | $255.77 | |

600    APPELLATE COURT OF INDIANA,

Indianapolis Conservatory of Music *v.* McConnell—70 Ind. App. 597.

Three lessons in voice and six lessons in piano missed on account of sickness, during which time student was home for three weeks.

8 per cent. interest on balance for
    3½ years from April 4, 1911,
    to October 4, 1914............$71.68
Total due Sarah I. McConnell,
    October 4, 1914..............327.45
Sept., 1911-June, 1913.
Counterpoint lessons taken
    by Sarah I. McConnell,
    through correspondence, 7
    counterpoint lessons at
    $2.50 .................$17.50
Oct. 3, 1914.
Lessons to Sarah I. McCon-
    nell, under Daniel Jones,
    24 at $3 per lesson...... 72.00
October 3, 1914.
Board and room for 12
    weeks at $7.50 per week.. 90.00

Balance due Sarah I. McConnell..    $147.95

The original contract filed with and as a part of the complaint is as follows:

"This agreement made this 2nd day of January, 1911, by and between The Indianapolis Conservatory of Music, of Indianapolis, Indiana, by and through Edgar M. Cawley, its Director, first party, and Mr. William T. McConnell, of Washington, Indiana, second party, witnesseth:

"That first party does hereby agree to furnish to Miss Abigail McConnell, daughter of said second party with board and room in the Conserva-

MAY TERM, 1919. 601

Indianapolis Conservatory of Music *v.* McConnell—70 Ind. App. 597.

tory Building of said first party, in a comfortable room on second floor south, including light, heat, plain washing and use of piano, voice tuition two lessons per week, Artist Department, piano-forte tuition, two lessons per week, Normal Department, for a period of twenty-five weeks, beginning January 2nd, 1911, and ending June 30th, 1911, for a sum total of $382.50. This amount in addition to a balance of $24.00 upon season 1909 and 1910, which balance second party now owes said first party, total $406.50, shall be credited as cash payment on the purchase price of a machine (Leader Automobile—five passenger touring car) model D, and No. 209, which first party agrees to accept from second party at the price of $450.00. The difference between the total charge for board and tuition $382.50 and balance $24.00, viz.: $406.50, and the price of the machine, $450.00, which is $43.50, shall be credited upon account of living and tuition for daughter of second party, beginning September, 1911.

"Second party agrees to turn the machine over to first party January 2nd, 1911, guaranteed to be in first-class condition, reasonable wear and tear excepted, the machine to include full set of tools, jack and pump, top complete with side curtains and wind shield, (the wind shield for the car is a part of the top), all in good condition and agrees to receive as full consideration therefor the board, lodging and tuition herein provided for.

"It is further agreed that a clear title shall be given for said machine to first party by second party.

602        APPELLATE COURT OF INDIANA,

Indianapolis Conservatory of Music v. McConnell—70 Ind. App. 597.

"Second party further agrees to deliver said machine to the B. & O. S. W. Ry. Co., at Washington, Indiana, and forward bill of lading to the first party.

"Witness our hands in duplicate on the 2nd day of January, 1911.

"The Indianapolis Conservatory of Music,
"Edgar M. Cawley, Director,
"William T. McConnell."

Appellant answered this complaint by general denial. The cause was submitted to the jury for trial, which returned a verdict in favor of the appellee in the sum of $63, upon which judgment was rendered against the appellant, and from which judgment after appellant filed its motion for new trial, which was overruled, this appeal is prosecuted.

The errors assigned by appellant are: (1) Trial court erred in overruling appellant's amended demurrer to amended complaint. (2) The trial court erred in overruling appellant's motion for new trial.

The first assignment is without force and is evidently presented by counsel for appellant by inadvertence. While there was an amended demurrer to the amended complaint (which by the way was sustained), there was no demurrer filed to the reamended complaint. The next proceeding after such reamendment was filing the answer in general denial aforesaid.

The only error to consider is the action of the court in overruling the motion for new trial, which presents the questions of the sufficiency of the evidence to sustain the verdict, as to whether the damages are excessive, and as to whether the verdict is contrary to law.

There is evidence of the death of William T. McConnell and of the appointment of the appellee as administratrix of his estate, but there is no evidence of any disposition of his contract with appellant, by assignment to appellee, or otherwise, nor is there any evidence as to the final settlement of the estate. It does not appear from the evidence that the widow and heirs of William T. McConnell ever released their interest, if any, in the contract with appellant, or that appellee ever succeeded to the rights of her father therein. Without this evidence there is no consideration whatever shown for the verbal contract which is the basis of appellee's action. Without a consideration there can be no recovery on the contract. *Taylor* v. *Leeson* (1905), 35 Ind. App. 620, 74 N. E. 907; *Bright* v. *Coffman* (1860), 15 Ind. 371, 77 Am. Dec. 96; Elliott, Contracts §195; *Mount* v. *Dehaven* (1902), 29 Ind. App. 127, 63 N. E. 330; *Kelso* v. *Fleming* (1885), 104 Ind. 180, 3 N. E. 830; *Pope* v. *Vajen* (1889), 121 Ind. 317, 22 N. E. 308, 6 L. R. A. 688.

In the original contract with William T. McConnell the consideration for the automobile was living and tuition for said McConnell's daughter, and in the verbal contract between appellee and appellant, had there been a valid consideration for such verbal contract, appellant was bound only to pay in living and tuition, and this does not authorize a money demand in the absence of a breach of the contract by appellant. *Wilson* v. *Dale* (1861), 16 Ind. 399; *Leiter* v. *Emmons* (1898), 20 Ind. App. 22, 50 N. E. 40. There can be no recovery for a broken contract unless a breach thereof is pleaded and proved. *Brickey* v. *Irwin* (1890), 122 Ind. 51, 23 N. E. 694;

*Riley* v. *Walker* (1892), 6 Ind. App. 622, 627, 34 N. E. 100. No breach of the contract is either pleaded or proved. The verdict is not sustained by sufficient evidence.

The judgment is reversed, with instructions to the trial court to sustain the motion for a new trial.