CLARK ADVERTISING AGENCY, INC. *v.* AVCO BROADCASTING CORP.

[No. 2-177A26. Filed December 6, 1978.]

*William H. Williamson,* of Indianapolis, for appellant.

*Gene R. Leeuw, Klineman, Rose and Wolf,* of Indianapolis, for appellee.

SULLIVAN, J. — The Clark Advertising Agency, Inc. (Clark) produced certain advertisements for its disclosed principal (a now defunct organization) and placed an order with the Avco Broadcasting Corporation (Avco) to broadcast the commercials over its Indianapolis television station. No formal written contract was executed by the parties in this instance. Neither Clark nor its principal remitted payments for Avco's services, prompting Avco to bring this suit on account. After trial to the court, Avco was awarded damages and interest totalling $6,785.32. Clark's appeal contends that the judgment is "contrary to the law of the well-known doctrine of Principal and Agent."[1]

---

1. Clark waived its contention that the trial court erroneously admitted evidence of a prior course of dealings by failing to include this allegation of error in its Motion to Correct Errors. Ind. Rules of Procedure, Trial Rule 59(G).

The evidence most favorable to the judgment clearly reveals that Clark's principal was disclosed and known to the parties. However, Avco introduced evidence of usage in the advertising industry as well as evidence of Avco's prior course of dealings with Clark, all of which indicated that the advertising agency had been responsible for the cost of advertising supplied by the broadcaster.

Robert Bens, the corporate credit manager of Avco, testified that standard "spot television" contracts uniformly used in the industry incorporated by reference certain provisions of the American Association of Advertising Agencies' (AAAA) "Conditions," which provide in pertinent part:

"1. PAYMENT AND BILLING

(a) STATION will bill AGENCY monthly, using the Final Sunday Fiscal Month, unless otherwise provided on the face of this contract.

(b) Payment by AGENCY is due within 15 days after receipt of invoice and affidavit of performance by AGENCY.

\* \* \*

(e) STATION agrees to hold AGENCY solely liable for payments to be made under this contract, except that where AGENCY is not an advertising agency, the person, firm or corporation which authorizes AGENCY to contract for television time hereunder shall be liable in the event of default by AGENCY."

Six prior spot contracts between the parties and signed by Clark were introduced in evidence, each of which declared: " 'The conditions of the contract copyrighted November, 1970 by the AAAA, with the exceptions as printed on the reverse side hereof, are a part of this contract. . . .' ". There were no exceptions regarding payment and billing on two of the contracts. However, on the reverse side of the four other contracts is the following "exception":

"1(e) Payment and Billing.   Except where this contract is made directly with the Advertiser described on the face of this contract, it is understood that AGENCY makes this contract both for itself and as agent for the Advertiser and that AGENCY agrees, on behalf

of the Advertiser and itself, that AGENCY and Advertiser are and shall be jointly and severally liable for all payments to be made by AGENCY to STATION and for all obligations undertaken and to be performed by AGENCY."

Bens testified that the uniform practice throughout the nation was to broadcast the advertisements before payment is received, relying solely on the credit of the advertising agency. This was also the method employed by Avco in its prior dealings with Clark. The testimony of Robert Shive, Avco's sales manager, was substantially to the same effect as Bens'.

Clark, however, testified that he sometimes signed the agreement to assume his principal's obligations, but "many times I did not." He did not, however, dispute Bens' testimony that in every case, invoices were sent directly to Clark and that in each instance, Clark remitted payment to Avco. In the present case, Clark did not sign the invoice and return it to Avco and, therefore, it contends that there is no express agreement, written or oral, by which it agreed to assume the principal's obligations. It does not appear that Clark disputes the existence of the contract—only the terms which were incorporated therein.

Clark argues that where a person is known to be contracting as agent of a disclosed principal, such contract, if within the agent's authority, binds the principal only. *Hawkins v. Dorst* (1917), 186 Ind. 430, 116 N.E. 577; *Sell on Agency* § 190 (1975); *Restatement, Second, Agency* § 328 (1958). Proof of these facts, however, does not necessarily establish, as a matter of law, that the agent is not a party to the contract. Rather, it merely permits an inference to that effect, which may be overcome not only by express language, but by custom, usage and the prior course of dealings between the parties. *Restatement, Second, Agency* § 320;[2] *Seavy, Law of Agency* § 70D (1964).

It is urged that the trial court erroneously admitted into evidence

2. "Comment c. Evidence. The inference that the agent is not a party to a contract may be overcome by proving other facts connected with the transaction. . . . [T]he fact that the other party thereto declared that he did not care who the principal was or that he was satisfied with the credit of the agent is evidence that it was agreed that the agent was a party to the contract. In such cases, it is for the triers of fact to determine what the parties intended."

the AAAA-approved "Conditions" because they were irrelevant to the transaction between the parties. Yet the law is well-settled that while usage cannot control the express provisions of a contract, such is admissible to show the intention of the parties as to those matters which have not been clearly expressed. *Van Camp Packing Co. v. Hartman* (1890), 126 Ind. 177, 25 N.E. 901, 902. Of course, "he who would avail himself of a custom or usage has the burden to establish its existence," *Western State Bank of South Bend v. First Union Bank & Trust Co. of Winamac* (1977), 172 Ind.App. 321, 327, 360 N.E.2d 254, 258, for in order that usage may be "binding" it must be shown that it is known, uniform, reasonable, certain and not contrary to law or opposed to public policy. *City Dairy Co. v. Uservo, Inc.* (1936), 101 Ind.App. 375, 199 N.E. 457, 459.

The evidence of record indicates that the AAAA-approved "Conditions" were uniformly employed in contracts between broad-casters and advertising agencies. Further, Clark was aware of the "Conditions" and through a prior course of dealings had manifested an assent to those terms. Certainly the practice of holding the agency as a party to the contract is not unreasonable, especially in light of the fact that the commercials were broadcast in reliance on the agency's credit. Thus, evidence of usage was properly admitted by the trial court.

A professional or business agent is generally expected to know the usages of the profession or business in which he is engaged and to possess the knowledge which is standard to it. *Sell on Agency, supra,* § 89. Indeed, it is the general rule that a contract made with reference to a particular business is presumed to have been made with reference to the known usage or general course of such business. *Leiter v. Emmons* (1898), 20 Ind.App. 22, 50 N.E. 40, 41; 5 *Williston on Contracts* § 651 (3d Ed. 1961). Thus, in the absence of an agreement to the contrary, usage may "reasonably be supposed to have entered into and formed part of their contracts . . . in relation to such business," *Morningstar v. Cunningham* (1887), 110 Ind. 328, 11 N.E. 593, 596, and the parties' contracts are to be interpreted consistent with such usage. *Rastetter v. Reynolds* (1902), 160 Ind. 133, 66 N.E. 612, 613.[3] In

---

3.  *Restatement, Contracts* § 247 (1932) states:

every such case, the question becomes one of fact to be determined as any other question of fact. *Leiter v. Emmons, supra.*

Thus, our review of the judgment is limited to a determination whether there is sufficient evidence of probative value with respect to each material element of the claim. *Lake County Council v. Arredondo* (1977), 266 Ind. 318, 363 N.E.2d 218, 219. We may not determine credibility of witnesses or otherwise make a re-evaluation of the evidence. *Id.* The evidence must be viewed in the light most favorable to the prevailing party. *Fruehauf Trailer Division v. Thornton* (1977) 174 Ind.App. 1, 366 N.E.2d 21, 26. In the case at bar, the evidence sufficiently established the existence of a usage of trade which was known, uniform, reasonable and not contrary to law or public policy. Further, sufficient evidence of probative value was adduced that Clark acquiesced in such usage through a prior cause of dealings. Thus, the trial court's decision that Clark was a party to this contract and liable for nonperformance is supported by the evidence.

Finally, Clark argues that Avco failed to prove (in response to Clark's Motion to Dismiss) that Avco is a foreign corporation licensed to do business in Indiana and that therefore, pursuant to IC 23-1-11-14 (Burns Code Ed. 1972), Avco lacked capacity to maintain this lawsuit. However, Ind. Rules of Procedure, Trial Rule 9(A) provides that the person asserting lack of capacity has the burden of proof and it must be pleaded as an affirmative defense under TR. 8(C). Clark neither raised this issue in its responsive pleading nor did it introduce evidence in support of its contention. Clark failed to prove lack of capacity and therefore the trial court's exercise of its jurisdiction was proper.

"A usage is operative upon the parties to a transaction where and only where

* * *

(b)   either party intends the effect of his words or other acts to be governed by the usage, and the other party knows or has reason to know this intention, or

(c)   the usage exists in such transactions and each party knows of the usage or it is generally known by persons under similar circumstances, unless either party knows or has reason to know that the other party has an intention inconsistent with the usage."

See also *Restatement, Contracts* § 248(2) (1932).

The judgment is affirmed.

Buchanan, C.J. and

Shields, J. concur.

NOTE—Reported at 383 N.E.2d 353.