**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GREG A. BOUWER**
Koransky, Bouwer and Poracky, P.C.
Dyer, Indiana

ATTORNEY FOR APPELLEE:

**GERALD B. COLEMAN**
Coleman Stevenson & Montel, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HERMAN & KITTLE PROPERTIES, INC., | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1304-PL-169 |
| | ) | |
| G & G CONSTRUCTION COMPANY OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1210-PL-40722

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

This case arises from a contract for construction on residential property in Lake County. A dispute arose between the contractor, Herman & Kittle Properties Inc. ("Herman & Kittle") and subcontractor on the project, G&G Construction Company of Indiana ("G&G"). G&G filed a breach-of-contract claim against Herman & Kittle. Herman & Kittle filed a motion to dismiss, alleging that it had signed the contract in an agency capacity and thus could not be held personally liable under the contract. Herman & Kittle also alleged that venue was improper. The trial court denied both of Herman & Kittle's motions. Because the express language of the contract indicates that Herman & Kittle agreed to be personally bound by the contract—rather than simply in an agency capacity—we affirm the trial court.

**Facts and Procedural History**

Merrillville Lakes, LLC ("Merrillville Lakes") owns residential property in Lake County. Herman & Kittle and G&G are both Indianapolis-based construction companies.

In 2009, G&G entered into a $900,000 contract with Merrillville Lakes and Herman & Kittle to act as a subcontractor on the construction project and perform carpentry services. On the title page of the contract, Herman & Kittle is named as contractor. *See* Appellant's App. p. 17. Underneath this designation is also the phrase "agent for owner." *Id.* G&G signed as subcontractor and Merrillville Lakes signed as owner. *Id.* Throughout the contract, there are numerous references to the three distinct parties—contractor, subcontractor, and owner—and the different rights and responsibilities of each party.

2

At some point, a dispute arose between Herman & Kittle and G&G, and in 2012, G&G filed a breach-of-contract claim against Herman & Kittle in Marion Superior Court. Merrillville Lakes was also named as a defendant. Herman & Kittle filed a motion to dismiss and a motion to transfer venue. In its motion to dismiss, Herman & Kittle argued that G&G entered into a contract with Merrillville Lakes only—Herman & Kittle alleged that it signed the contract as Merrillville Lake's agent and therefore was not personally liable under the contract. Because Herman & Kittle alleged they were not personally bound by the contract, they also asserted that venue in Marion County was improper. In response, G&G argued that Herman & Kittle was personally bound and venue was proper.

The trial court denied Herman & Kittle's motions to dismiss and transfer venue. Herman & Kittle now appeals.

## Discussion and Decision

On appeal, Herman & Kittle contends that the trial court erred by denying its motions to dismiss and transfer venue.

### I. Motion to Dismiss

The standard of appellate review for motions to dismiss depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing. *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids– Grove No. 29*, 847 N.E.2d 924, 926 (Ind. 2006). Where, as here, the trial court ruled on a paper record, we review the motion to dismiss de novo. *Id.*

3

In its motion to dismiss, Herman & Kittle argued that G&G entered into a contract with Merrillville Lakes only—Herman & Kittle alleged that it signed the contract as Merrillville Lake's agent. Herman & Kittle claims it is not personally bound by the contract because "where an agent discloses its principal . . . the agent is not personally bound by the contract." Appellant's Br. p. 7 (citing *Carlson Wagonlit Travel, Inc. v. Moss*, 788 N.E.2d 501, 503 (Ind. Ct. App. 2003)). But as G&G correctly notes, there is an exception to that rule. Even if an agent discloses its principal, the agent may still be bound by the contract if the agent agrees to be so bound. *Carlson*, 788 N.E.2d at 503 (citing *Boesch v. Marilyn M. Jones & Assocs.*, 712 N.E.2d 1061, 1062 (Ind. Ct. App. 1999), *trans. denied*). An agent may agree to assume personal liability through express language or custom, usage, and the prior course of dealings between the parties. *See McDonald v. Smart Prof'l Photo Copy Corp.*, 664 N.E.2d 761, 765 (Ind. Ct. App. 1996); *Clark Adver. v. Avco Broad. Corp.*, 178 Ind. App. 451, 454, 383 N.E.2d 353, 355 (1978).

Here, the express language of the contract indicates that Herman & Kittle agreed to be personally bound. The contract names and defines Merrillville Lakes and Herman & Kittle individually, and Herman & Kittle is defined as contractor throughout the contract. Although Herman & Kittle argues that we should read the term contractor to "incorporate[] the phrase 'agent for Owner' throughout the entire agreement," Appellant's Br. p. 8, we decline to do so. The contract defines and employs the terms "owner" and "contractor" separately; there is nothing in the contract that indicates that the terms are interchangeable. Rather, the contract defines their rights and

4

responsibilities differently, and treats them as separate parties in a number of ways, such as in requiring that both contractor and owner be named as additional insureds. *See* Appellant's App. p. 23.

The contract also gives Herman & Kittle a number of individual rights as contractor that are separate and distinct from Merrillville Lakes.[1] For example, Herman & Kittle may also terminate the work—and thus, G&G's services—on the project at any time, for its convenience. *Id.* at 36. Subject to certain conditions, Herman & Kittle also has the power to terminate the contract for cause. *Id.* at 34-35. Herman & Kittle also has the right to recover attorney's fees if G&G files an invalid or inappropriate subcontractor's lien, as well as damages if G&G defaults. *Id.* at 29-30. And the contract also expressly recognizes Herman & Kittle's right to indemnification and any other legal or equitable claims arising from the contract. *Id.* at 32-37.

Because the express language of the contract indicates that Herman & Kittle agreed to be personally bound—rather than simply in an agency capacity—the trial court did not err in denying Herman & Kittle's motion to dismiss.

## II. Preferred Venue

Herman & Kittle also argue that the trial court erred by denying its motion to transfer venue. We disagree.

We review the trial court's order on a motion to transfer venue pursuant to Indiana Trial Rule 75(A) under an abuse-of-discretion standard. *Brower Corp. v. Brittain*, 792

---

[1] Herman & Kittle argues that "rights do not equal control," and claims that Merrillville Lakes has ultimate authority over the project. Appellant's Reply Br. p. 4. Even if this is true, it does not negate the fact that Herman & Kittle possesses a number of individual rights separate and distinct from Merrillville Lakes, which shows Herman & Kittle's agreement to be personally bound by the contract.

N.E.2d 75, 77 (Ind. Ct. App. 2003) (citation omitted). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *Id.*

Trial Rule 75(A) allows a case to be filed in any court in any county in Indiana. When a party files a motion for preferred venue, the trial court must transfer the case to the county selected by the moving party if the selected county is a county of preferred venue and the county in which the action is filed is not a county of preferred venue. *Id.* However, if the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *Id.*

Rule 75(A)(1) provides that preferred venue lies in "the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides . . . ." Ind. Trial Rule 75(A)(1). Because Herman & Kittle, one of two defendants in this case, is based in Marion County and is personally bound by the contract, preferred venue lies in Marion County. The trial court properly denied Herman & Kittle's motion to transfer venue.

Affirmed.

RILEY, J., and MAY, J., concur.