## UNITED TELEPHONE COMPANY v. BARVA.

[No. 10,242. Filed March 30, 1920. Rehearing denied June 2, 1920. Transfer denied June 23, 1921.]

TELEGRAPHS AND TELEPHONES.—*Employe Frightening Horse by Throwing Insulator.—Personal Injuries to Driver.—Liability.* —In an action for personal injuries sustained by plaintiff as a result of being thrown from a buggy when her horse became frightened when a telephone company's employe standing nearby in the highway threw a glass insulator to another employe on a telephone pole, where the sole charge of negligence made in the complaint was that the throwing of the insulator was done in a careless and negligent manner, *held* that plaintiff could not recover in the absence of evidence showing anything unusual in the manner of throwing or that it was negligently done, as the employe's action was not such as would naturally be calculated to frighten a gentle horse.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Lydia Barva against the United Telephone Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Abram Simmons* and *Charles G. Dailey,* for appellant.
*James D. Sturgis, Charles E. Sturgis* and *Robert W. Stine,* for appellee.

NICHOLS, C. J.—The complaint in this action is for damages for personal injuries to the appellee resulting from the alleged negligence of appellant. The complaint in substance avers that: Appellant owned and operated telephone lines, poles and appurtenances thereto along the public highway in Wells county, Indiana, one of which lines extended south along the public highway from the town of Keystone. September 14, 1916, appellee, along with another woman was driving on the said road in a buggy drawn by one horse. Appellant's employes were working on the said telephone lines a short distance south at a point where a turnpike crosses said road. One of the employes was on the top of the pole and two of said employes were standing on the ground in said highway; when appellee reached a point in the highway directly opposite the point where appellant's employes were located one of said employes, who was standing on the ground in said highway assisting in said work threw up his hands and threw a glass insulator or some other object up to the employe on top of the pole, in such a careless and negligent manner that appellee's horse was frightened, and it turned around in the highway in such a manner as to throw the appellee out of the buggy into a ditch and fence along the highway, whereby her arm was broken. Demand for damages, $2,500.

The complaint was answered by a general denial, the cause was submitted to a jury for trial, and there was a verdict for appellee in the sum of $570.

After motion for a new trial which was overruled, this appeal, in which the only error assigned, is the ruling of the court on the motion. The grounds of the motion for a new trial are excessive damages, that the verdict is not sustained by sufficient evidence, that it is contrary to law, and that the court erred in giving certain instructions, and in refusing to give certain instructions tendered.

It appears by the evidence of the appellee and Mrs. Kirschner, who was the woman riding with her, which is the evidence most favorable to the appellee, that on the afternoon of the injury, appellee accompanied by Mrs. Kirschner and her child were riding in a buggy without a top, drawn by one horse. Appellee drove from the east on the turnpike, and at the intersection with the highway upon which the accident occurred, turned to the south. The accident occurred at the second pole from the crossroads, the first being about thirty feet from the crossroads and second about seventy-five feet further south, the lines being on the east side of the highway. The telephone lineman, Mr. White, known by the name of "Whitey" was on the top of the second telephone pole, about eighteen feet high, another employe of the telephone company, being the one whose negligent act, it is charged, occasioned the injury, was standing six or seven feet southwest of the second pole and about four or five feet from the center of the highway. After appellee, with Mrs. Kirschner, had passed the first pole and before they were quite up to the employes, the appellee said, "There is Whitey on the pole," and, as she testified, she looked up and spoke to him. When the accident occurred the horse's head was about eight or ten feet north of the line where the employe stood that did the negligent act charged. He threw with both hands, something, which the evidence shows was a glass insulator, up to "Whitey." Witness

Wheeler says, "Just as a fellow would pitch anything up. When he threw it he was looking up and facing the appellee and just kind of facing the pole and just kind of facing appellee and Mrs. Kirschner to the extent as his position to the south of the pole would make it." Appellee says in her testimony that one of the men on the ground, which we assume to be the one who threw the insulator, was standing about four or five feet from the head of her horse, not exactly direct of her but "cater-cornered."

At the time of the accident complained of the employes of appellant were performing a service necessary to be performed, and were in a place where they had a right to be, and were doing as appears from the evidence, what was necessary to do in order to make such repairs. The poles and lines of appellant were in the highway where they had a right to be. There is no allegation in the complaint that appellant was doing an unlawful act, nor does the evidence show any unlawful act on the part of appellant. As appellant was doing a lawful act, which it was proper to do at that place, unless the circumstances were such as to call for the exercise of care in the manner of doing it, or the time of doing it, and unless such act was done without due care as to the time when it was done, or the manner in which it was done, and an injury resulted therefrom, appellant cannot be deemed at fault, nor liable in damages, because of such injury.

It does not appear from the evidence as above set out that appellant's employe knew that the horse was so near him when he pitched the insulator to the lineman on the pole. It was certainly not wrong for him so to pitch the insulator up to the man on the pole. By the complaint, the manner of pitching the insulator was what constituted the negligence complained of. There was no charge of negligence as to the time when it was

tossed up, nor as to the workman's knowledge that the horse was near him when he pitched it up. The height to which the employe was required to throw the insulator, which we assume to be of the kind in common use, was but eighteen feet. We are wholly unable to see what there could have been in the manner of the effort that could so frighten the horse, as to cause the injury sued for. There is nothing in the evidence to show anything unusual in the manner of the throwing or pitching. Certainly, such an event, as frightening a horse by such an act was a thing entirely unexpected, and was not to be anticipated by the employe as a thing likely to occur, because of anything in the manner in which the evidence shows it to have been thrown.

In the case of *Holland* v. *Bartch* (1889), 120 Ind. 46, 22 N. E. 83, 16 Am. St. 307, the appellee was riding a bicycle along the public highway at a speed of about fifteen miles an hour, and when within twenty-five feet of a horse attached to a carriage going in the opposite direction, the horse was frightened which resulted in an injury to appellant. It was held that to make a person liable for the doing of such acts, it must be charged to have been done at a time, or in a manner, or under circumstances which render him chargeable with want of proper care for the rights of others.

In *Morris* v. *Platt* (1864), 32 Conn. 75, it was held to be well established that one is not liable in an action for negligence for unintentional and consequential injuries resulting from a lawful act, where neither negligence nor folly can be imputed to him, and that the burden of proving such negligence, where the act is lawful, was upon the plaintiff.

In this case there was no evidence tending to show negligence in the manner of pitching the insulator. The act of the employe as shown by the evidence was not such as would naturally, ordinarily, or usually be calcu-

lated to lead to the frightening of a gentle horse such as the evidence shows was the one involved, unless by reason that the horse was so close to the workman as to shy at the sudden movement of his arms and of the glass object. But, as stated above, the complaint does not charge that the workman knew how close the horse was, and contains no charge of negligence in that regard, and we are not justified in drawing the inference that plaintiff was injured by negligence of the defendant not alleged in the complaint. While there is a conflict in the evidence as to the manner in which the accident occurred, and while this court will not weigh the evidence, yet assuming the evidence of the appellee and her witnesses to be undisputed, which evidence is most favorable to her, still it does not prove any negligence on the part of the plaintiff which was charged in the complaint.

In the event of another trial, there should be an affirmative instruction as to contributory negligence, and the instruction should be confined to the elements of negligence charged in the complaint.

The judgment is reversed, with instructions to grant a new trial.

Remy, P. J., and Dausman, J., dissent.