**James O. McDONALD, et al.,
Appellants–Plaintiffs,**

**v.**

**SMART PROFESSIONAL PHOTO
COPY CORPORATION, et al.,
Appellees–Defendants.**

**No. 84A01–9505–CV–139.**

Court of Appeals of Indiana.

April 26, 1996.

(applying Ind.Ann.Stat. § 10–3030 (1969 Cum. Supp.)).

Hanford C. Mann, Max E. Goodwin, Bruce D. Aukerman, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellant James O. McDonald.

Michael R. Fruehwald, Barnes & Thornburg, Indianapolis, for appellee Smart Professional Photocopy Corporation.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff James O. McDonald (McDonald) appeals from the dismissal of a class action complaint[1] against Smart Professional Photocopy Corporation (Smart). The facts most favorable to McDonald, the nonmoving party, reveal that Smart entered into contracts with various Indiana hospitals under which Smart would make photocopies of medical records and furnish the copies to the patients requesting their records. Operating under this contract, Smart made copies and submitted an invoice to the requesting party or designee.

On April 20, 1993, McDonald, an attorney, filed a class action complaint against Smart and Union Hospital alleging that the defendants had provided copies of patients' medical records at a charge in excess of that allowed by IND.CODE § 16–4–8–2(c) (Health Records Statute). The following day, McDonald filed an amended complaint which added various unnamed hospitals as defendants. On May 7, 1993, McDonald filed a second amended complaint which specifically named 57 Indiana hospitals as defendants.

The defendants filed motions to dismiss based on McDonald's lack of standing to sue hospitals with which McDonald had no transactions and based on the absence of a claim under the Health Records Statute for copy requests by non-patients. By order dated February 2, 1994, the court granted the motion to dismiss as to all defendants, except Smart and Union Hospital, based on McDonald's lack of standing to sue the other defendants.

On February 7, 1994, McDonald filed a third amended complaint against Smart, Union Hospital, and three other hospitals in which McDonald alleged he had directed requests for copies of his clients' medical records. Smart moved to dismiss the complaint for failure to state a claim and failure to plead fraud with particularity, pursuant to Ind.Trial Rule 12(B)(6) and Indiana Trial Rule 9(B) respectively. After a hearing on May 6, 1994, the trial court granted Smart's motion.

On September 12, 1994, McDonald filed a fourth amended complaint against Smart and the same four hospitals. McDonald's amended complaint consisted of 47 numbered paragraphs with five counts directed against Smart and the hospitals. The facts as alleged in the complaint disclose that McDonald requested from each of the four defendant hospitals a copy of medical records of his clients and requested from Union Hospital a copy of his own medical records. Smart supplied a copy of the records and submitted an invoice of its charges for copying and delivering the copies to McDonald. McDonald also alleges that the charges invoiced by Smart were in excess of the "actual total costs" which the hospitals would have incurred in making and furnishing the copies. The complaint further alleges that Smart "solicited, counseled, induced, advised, abetted, assisted, or caused the violation of class members' statutory rights and the hospitals' statutory duties as to the confidentiality of medical records and charges for copies of them, thereby damaging the class members." Count I of McDonald's fourth amended complaint seeks relief under the Indiana RICO statute, Count II seeks relief for breach of contract, Count III seeks relief for negligence, Count IV seeks relief for unjust enrichment, and Count V seeks relief for fraud. The complaint also alleges that Smart was acting as an agent of the hospital, and, therefore, Smart was joint and severally liable.

On November 29, 1994, the trial court again dismissed McDonald's complaint against Smart relying on its previous decision which found that the Health Records Statute imposed a duty only on health care providers to provide copies of medical records at their "actual total cost." Thereafter, McDonald filed motions to reconsider and to correct error. Both motions were denied. McDonald now appeals.

The sole issue presented for review is: whether the trial court properly dismissed McDonald's fourth amended class action complaint as to Smart.

1. By agreement of the parties, certification of a class has yet to be commenced. The trial court's dismissal was based upon the claim of the single named plaintiff, James O. McDonald.

When reviewing a dismissal of a complaint for failure to state a claim, under T.R. 12(B)(6), this Court views the pleadings in a light most favorable to the nonmoving party and draws every reasonable inference in favor of that party. *Levinson v. Citizens Nat. Bank of Evansville,* 644 N.E.2d 1264, 1269 (Ind.Ct.App.1994). A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin,* 260 Ind. 228, 230, 294 N.E.2d 604, 606 (1973); *Levinson,* 644 N.E.2d at 1269. This Court does not assess the sufficiency of facts in support of the complaint, but rather it determines if the complaint states any set of allegations upon which the trial court could have granted relief. *Johnson v. Scandia Associates, Inc.,* 641 N.E.2d 51, 56 (Ind. Ct.App.1994).

To state a claim for relief, a complaint need only contain (1) a short and plain statement of the claim and (2) a demand for relief. *See* Ind.Trial Rule 8(A). The rules of procedure do not require that a complaint state all the elements of a cause of action. *Id.; Rankin,* at 230–231, 294 N.E.2d at 606. Rather, the rules are based on notice pleading in which a plaintiff essentially need only plead the operative facts involved in the litigation. *Id.* Hence, a T.R. 12(B)(6) motion should only be granted where it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.*

The basis for the trial court's dismissal of McDonald's amended complaint was its reasoning that the Health Record Statute did not impose a duty on Smart, because Smart was not a health care provider under the statute. IND.CODE § 16–4–8–2(c),[2] as in effect September 1, 1990 until July 1, 1994, provides:

(c) Upon a patient's written request and upon reasonable notice, at its actual total costs, a provider shall furnish to the patient or the patient's designee:

(1) a copy of the patient's health record used in assessing the patient's health condition; or

(2) at the option of the patient, the pertinent portion of the patient's health record relating to a specific condition, as requested by the patient.

Under the statute, a "provider" is defined by a list of health care occupations and facilities. IND.CODE § 16–4–8–1. It is uncontested Smart is not a health care provider under the statute. The amended complaint, however, does not rely on Smart being covered under the terms of the statute as a health care provider. Rather, the allegations against Smart are based on Smart's liability for participating, aiding, abetting, and inducing a violation of the act and interfering with the rights of patients to receive copies of their medical records at the charge as set by statute—the "actual total cost" to the hospitals of providing the records.

McDonald's amended complaint is based on principles of agency; as such, McDonald states a possible claim for relief. An agent who fraudulently represents, uses duress, or knowingly assists in the commission of fraud or duress by his principal is subject to liability in tort to any injured third party. *See* Restatement 2d of Agency § 348 (1958); *Berghoff v. McDonald,* 87 Ind. 549 (1882) (agent who wrongfully detains the goods of another for his principal is personally liable); *Bischoff Realty, Inc. v. Ledford,* 562 N.E.2d 1321, 1324–1325 (Ind.Ct.App.1990) (trial court's grant of summary judgment for principal on the grounds that agent made no misrepresentation, equivalent to a judgment for the agent); *Howard Dodge & Sons, Inc. v. Finn,* 181 Ind.App. 209, 212, 391 N.E.2d 638, 641 (1979) (agent who commits a tortious act is equally liable with his principal); *see also Bates Motor Transport Lines, Inc. v. Mayer, Admx.,* 213 Ind. 664, 672, 14 N.E.2d 91, 94 (1938) (one who counsels, advises, abets, or assists another to commit a tort or joins in the commission is responsible for all the injury done). Further, an agent may also agree through its contract of agency or

2. Recodified as IND CODE § 16–39–1–1 (1993 Ed.). The 1994 amendment replaced the "actual total costs" standard with a specified per page and per service charge. *See* IND.CODE §§ 16–39–1–1, 16–39–1–8 and 16–39–9–3 (1994 Supp.).

through custom, usage, and prior course of dealings with its principal to assume personal liability. *See Clark Advertising v. Avco Broadcasting Corp.*, 178 Ind.App. 451, 454, 383 N.E.2d 353, 355 (1978).

■ Smart erroneously contends that McDonald's allegation of agency is in itself a legal conclusion. The existence of an agency or the extent of such a relationship is a question of fact. *See Ross v. Indiana Natural Gas & Oil Co.*, 78 Ind.App. 219, 130 N.E. 440, *rehearing denied* 78 Ind.App. 219, 131 N.E. 794 (1921). This Court cannot look beyond the face of the complaint as Smart urges.

Smart's contention that the Health Records Statute, § 2(c), does not apply to a patient's designee is also unpersuasive. Any release of patients' records to McDonald was made by an indirect request by the patients and with their authorization. Moreover, the trial court expressly rejected such an interpretation of IND.CODE § 16–4–8–2(c) in a prior ruling never challenged by Smart.

In light of McDonald's allegations of knowing misrepresentation and concerted activity, his amended complaint must survive Smart's motion to dismiss. Although Smart is not directly bound by the Health Records Statute, McDonald's complaint is based in theories of agency, and on this ground is sufficient to survive Smart's motion. McDonald has met the threshold requirement of pleading a legally sufficient cause of action against Smart. Thus, the trial court was in error in dismissing his amended complaint. This Court notes, however, that its decision in no way addresses the merit of McDonald's claim or the possibility of a summary judgment. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

CHEZEM, J., concurs.

STATON, J., concurs with separate opinion.

STATON, Judge, concurring.

I concur in the opinion of the majority. The majority concludes that McDonald's amended complaint must survive Smart's motion to dismiss not because he alleges that Smart was a health care provider under the statute, but instead, he alleges issues of liability based upon agency law. In that respect, I write separately to emphasize that the trial court erroneously concluded that "even if Smart is acting as the hospital's agent, the statutorily imposed duty remains with the hospital and does not shift to the agent." Record at 307.[3]

It is well established that in order to avoid personal liability, an agent must disclose both the capacity in which he acts and the existence and identity of his principal. *Tolliver v. Mathas*, 538 N.E.2d 971, 976 (Ind.Ct.App. 1989), *trans. denied; Brown v. Owen Litho Service, Inc.*, 179 Ind.Ct.App. 198, 201, 384 N.E.2d 1132, 1135 (1979). This court has clarified an agent's liability to a third party. It is not sufficient that the third person have knowledge of facts and circumstances which, if followed by inquiry, would disclose the existence and identity of the principal. *Tolliver, supra*, at 976. Thus, unless the third person knows or the facts are such that a reasonable person would know of the principal's existence and identity, the agent must be held to be acting for an undisclosed principal and is held liable in the same manner as if he were the principal. *Id.* Moreover, disclosure is a question of fact to be determined by the facts and circumstances surrounding the transaction. *Id.* Thus, on remand, at least two potential factual questions remain: 1) whether an agency relationship exists between Smart and the hospitals; and 2) whether Smart disclosed it was acting on behalf of the hospitals.

For this reason, I concur in the majority's decision to reverse the dismissal of McDonald's amended complaint.

---

3. The order dismissing McDonald's fourth amended complaint grants Smart's motion to dismiss for the reasons cited in the trial court's prior order dismissing Smart. Record at 380. Thus, the trial court's order dated August 31, 1994, which dismissed the third amended complaint is relevant to this appeal.