Glendora HONEYCUTT and 7522 Corporation d/b/a Kat's Pub, Appellants–Plaintiffs,

v.

Clifford ONG, Indiana Alcohol Beverage Commission, and State of Indiana, Appellees–Defendants.

No. 49A04–0308–CV–387.

Court of Appeals of Indiana.

April 8, 2004.

Larry A. Minnix, Brattain & Minnix, Indianapolis, IN, Attorney for Appellants.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

BROOK, Senior Judge.

**Case Summary**

Appellants-plaintiffs Glendora Honeycutt and 7522 Corporation d/b/a Kat's Pub

(collectively, "Honeycutt") appeal the trial court's dismissal of Honeycutt's claims against the State of Indiana, the Alcohol and Tobacco Commission ("ATC"),[1] and Clifford Ong, former chairman of the ATC (collectively, "the State"). We affirm.

**Issues**

Honeycutt presents one issue for our review, which we restate as two separate issues:

I. Whether the trial court erred in dismissing Honeycutt's state tort claim; and

II. Whether the trial court erred in dismissing Honeycutt's procedural and substantive due process claims under 42 U.S.C. § 1983 ("Section 1983").

**Facts and Procedural History**

On July 26, 2000, Honeycutt incorporated 7522 Corporation. In August 2000, Honeycutt entered into an agreement to buy Kat's Pub at 7522 North Shadeland Avenue in Indianapolis, subject to the successful transfer of the establishment's alcoholic beverage permit to Honeycutt. On August 18, 2000, Honeycutt applied for transfer of the permit and began operating Kat's Pub under the establishment's existing permit. In its motion to dismiss, the State noted that on September 8, 2000, the State Excise Police, acting under the authority of the ATC, entered Kat's Pub, seized the alcoholic beverage permit, and placed it in escrow. Appellants' App. at 22. At that time, Honeycutt did not pursue transfer of the permit or request administrative review of the ATC's actions.

On August 29, 2002, Honeycutt filed a complaint against the State alleging that it had tortiously interfered with the transfer of the permit and had frustrated her purchase of Kat's Pub. Honeycutt also con-

1. The ATC was formerly the Alcohol Beverage Commission.

tended that the State had deprived her of procedural and substantive due process in violation of Section 1983. On December 20, 2002, the State moved to dismiss the tort claim for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1) and to dismiss the Section 1983 claim for failure to state a claim for which relief can be granted under Trial Rule 12(B)(6). On June 6, 2003, the trial court heard argument on the motion to dismiss. On June 13, 2003, the trial court granted the State's motion. This appeal ensued.

## Discussion and Decision

### I. Tort Claim

The standard of review for dismissal based on lack of subject matter jurisdiction is "a function of what occurred in the trial court." *GKN Co. v. Magness*, 744 N.E.2d 397, 401(Ind.2001). We consider: (1) whether the trial court resolved disputed facts; and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* When the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *Id.* Under those circumstances, no deference is accorded to the trial court's conclusion, and we review *de novo* the trial court's dismissal. *Id.* In this case, the trial court heard argument on the motion to dismiss and ruled on a "paper record." Accordingly, we review the trial court's dismissal *de novo*.

Honeycutt contends that the trial court erred in dismissing her claim for lack of subject matter jurisdiction. Specifically, she argues that the State breached its duty to fairly and impartially assess her alcoholic beverage permit application and that her application was "denied by implication" when the State entered Kat's Pub and seized the establishment's alcoholic beverage permit. Appellants' App. at 9. Honeycutt asserts that the State's conduct rendered the administrative review process futile. We disagree.

The Administrative Orders and Procedures Act ("the AOPA") "establishes the exclusive means for judicial review of an agency action." Ind.Code § 4–21.5–5–1. A petitioner may seek judicial review "only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." Ind.Code § 4–21.5–5–4. "Generally, if an administrative remedy is available, it must be pursued before the claimant is allowed access to the courts." *Martin v. Monroe County Plan Comm'n*, 660 N.E.2d 1073, 1074 (Ind.Ct. App.1996), *trans. denied.* "A party's failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction." *Id.* However, a party is not required to exhaust her administrative remedies "when the remedy is inadequate or would be futile, or when some equitable consideration precludes application of the rule." *Indiana Michigan Power Co. v. Runge*, 717 N.E.2d 216, 226 (Ind.Ct.App. 1999). To prevail on a claim of futility, the petitioner must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances. *Id.* The mere fact than an administrative agency might refuse to provide the relief requested does not amount to futility. *Spencer v. State*, 520 N.E.2d 106, 110 (Ind.Ct.App.1988).

Here, the ATC did not formally deny Honeycutt's application for transfer of the alcoholic beverage permit. In fact, Honeycutt concedes that her "rights with regard to the transfer of the liquor permit remained undetermined." Appellants' Br. at 6. Moreover, the ATC acted within its

authority in seizing Kat's Pub's permit to sell alcoholic beverages because Honeycutt's application had not yet been approved. *See* Ind.Code §§ 7.1–3–19–1 (providing that "[t]he commission in its absolute discretion shall issue, suspend, or revoke, ... a retailer's or dealer's [alcoholic beverage] permit of any type"); 7.1–3–24–1 (providing that "[t]he holder of a permit of any type may not sell, assign, or transfer that permit to another person" unless expressly authorized by the ATC); 7.1–5–1–1 (providing that it is unlawful for a person to sell, deliver, furnish, or possess alcoholic beverages for commercial purposes without a permit). After the Excise Police seized Kat's Pub's permit to sell alcoholic beverages, Honeycutt did not pursue her application for transfer of the permit, nor did she seek administrative review of the ATC's actions. Additionally, if the ATC failed to act on Honeycutt's application, she could have brought an action for mandate to compel the agency to act. *See Indiana Alcoholic Beverage Comm'n v. State ex rel. Harmon*, 269 Ind. 48, 57, 379 N.E.2d 140, 146 (1978). The mere fact that an agency might not provide the relief sought is insufficient to establish futility. *See Spencer*, 520 N.E.2d at 110. Honeycutt did not exhaust her administrative remedies under the AOPA, nor did she demonstrate that her efforts would have been futile. Accordingly, the trial court did not err in dismissing Honeycutt's tort claim for lack of subject matter jurisdiction.

## II. Section 1983 Claims

When reviewing a dismissal for failure to state a claim, we view the pleadings in a light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *McDonald v. Smart Prof'l Photo Copy Corp.*, 664 N.E.2d 761, 764 (Ind.Ct.App.1996). "A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Id.* We do not assess the sufficiency of facts in support of the complaint, but rather we determine if the complaint states any set of allegations upon which the trial court could have granted relief. *Id.* We will affirm the trial court when it is clear from the face of the complaint that under no circumstances could the trial court have granted relief. *Id.*

Honeycutt contends that the State's conduct deprived her of procedural and substantive due process, and she seeks redress under 42 U.S.C. § 1983. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

### A. Procedural Due Process

"The standard elements of a due process claim include whether the plaintiff suffered a deprivation of a cognizable property or liberty interest, and whether any such deprivation occurred

without due process." *Omosegbon v. Wells,* 335 F.3d 668, 674 (7th Cir.2003). "To establish a protectable property interest, a plaintiff must be able to point to a substantive state-law predicate creating that interest." *Id.* "The interest must be more than *de minimis,* which typically calls on the plaintiff to demonstrate some form of provable pecuniary harm." *Id.*

[16, 17] Indiana Code Section 7.1–3–1–2 provides that "a permittee shall have no property right in a wholesaler's, retailer's, or dealer's permit of any type." Therefore, a license to sell alcoholic beverages is not a property right in the constitutional sense. *Dagley v. Incorporated Town of Fairview Park,* 175 Ind.App. 379, 383, 371 N.E.2d 1338, 1341 (1978). However,

> the use of the permit, *once granted,* has the elements of property irrespective of what the Legislature may declare about the permit itself, and except for the omnipresent and unlimited power of the state to revoke or modify the terms of the permit in the interest of the public welfare, the use of such permit, if not the permit itself, is property within the meaning of the due process clause of the Federal Constitution.

*Midwest Beverage Co. v. Gates,* 61 F.Supp. 688, 691 (N.D.Ind.1945) (emphasis added).

[18] Honeycutt contends that the "use of a liquor permit conveys a property right" and that she was deprived of a protected property right when the State seized Kat's Pub's alcoholic beverage permit. Appellants' Br. at 2. We disagree. Honeycutt had applied for transfer of an existing permit to sell alcoholic beverages, which the State had not yet granted. The State did not deprive her of any property interest because Honeycutt's property interest, if any, in selling alcoholic beverages had not yet arisen. Moreover, Honeycutt did not have a protected property interest in operating Kat's Pub using the establish-

ment's existing permit. *See* Ind.Code § 7.1–3–24–1. Accordingly, the trial court did not err in dismissing Honeycutt's procedural due process claim.

## B. Substantive Due Process

[19–21] "Substantive due process ensures that state action is not arbitrary or capricious regardless of the procedures used." *N.B. v. Sybinski,* 724 N.E.2d 1103, 1112 (Ind.Ct.App.2000). To set forth a claim for violation of substantive due process, a party must show (1) that the law infringes upon a fundamental right or liberties deeply rooted in our nation's history; or (2) that the law does not bear a substantial relation to permissible state objectives. *Id.* To succeed, the party must demonstrate that the State's conduct is arbitrary and capricious. *Id.* The State will prevail if any rational basis for its action can be hypothesized. *Id.*

[22, 23] Honeycutt contends that the State's conduct in seizing Kat's Pub's alcoholic beverage permit was arbitrary and capricious. Honeycutt concedes that she operated Kat's Pub while her application for transfer of the alcoholic beverage permit was pending. Appellants' App. at 8. Honeycutt has not established that she had a fundamental right to obtain a permit to sell alcoholic beverages, nor has she proven that that liberty is rooted in our nation's history. Moreover, the State's conduct in entering Kat's Pub and seizing the establishment's alcoholic beverage permit was not arbitrary and capricious because Honeycutt did not have a permit to sell alcoholic beverages. It is well settled that "the state has the absolute right to regulate or prohibit traffic in intoxicating liquor and that this right stems from the power of the state to regulate the health, morals, and safety of its citizens." *Midwest Beverage Co.* 61 F.Supp. at 690. Ac-

cordingly, the trial court did not err in dismissing Honeycutt's substantive due process claim.

Affirmed.

SULLIVAN and ROBB, JJ., concur.