Curtis L. COONROD, C.P.A., P.C. Appellant–Plaintiff,

v.

Nancy Lee MARSH, as Current Auditor of Hendricks County, Indiana, Appellee–Defendant.

No. 06A01–0409–CV–381.

Court of Appeals of Indiana.

June 30, 2005.

Ronald C. Smith, Mary F. Schmid, David I. Rubin, Stewart & Irwin, P.C., Indianapolis, for Appellant.

Edward R. Hannon, Christopher C.T. Stephen, Hannon Roop & Hutton, P.C., Indianapolis, Gregory Steuerwald, Steuerwald Zielinski & Witham, Danville, for Appellee.

## OPINION

BAKER, J.

In this case, we are confronted with the issue of whether a County Auditor has the authority to contract with an individual for the identification and collection of various county assets and funds in exchange for payment to that individual for such services, absent permission to do so from the appropriate governing body. We hold that the auditor does not.

Appellant-plaintiff Curtis L. Coonrod,[1] C.P.A., P.C., appeals the trial court's dismissal of his complaint for breach of contract against appellee-defendant Nancy Lee Marsh, the current Auditor of Hendricks County. Specifically, Coonrod asserts that the trial court erroneously determined that Marsh was not the proper defendant in this litigation and erred in concluding that the county auditor lacked the authority to enter into the contract. Hence, Coonrod argues that the trial court incorrectly concluded from the face of the pleadings that there were no circumstances under which Coonrod could be entitled to relief.

Marsh also brings a cross-appeal, arguing that the trial court erred in denying her request for attorneys' fees that related to a change of venue dispute. Finding that the auditor lacked the authority to enter into this agreement, and further concluding that the trial court properly denied Marsh's request for attorneys' fees, we affirm the judgment of the trial court.

### FACTS [2]

On June 29, 2000, Debbie Simpson—the auditor of Hendricks County at the time—entered into an Agreement and Contingent Fee Memorandum with Coonrod and his accounting firm. This agreement called for the "investigation, location, calculation, identification, and collection of assets," which included County Adjusted Gross Income Tax (CAGIT) funds held by the State Treasurer in the State general fund. Appellant's App. p. 27. The CAGIT is a tax that is authorized by Indiana Code section 6–3.5–1.1–2, that counties meeting certain requirements may adopt. Pursuant to Indiana Code section 6–3.5–1.1–8, revenues

---

1. Coonrod is a former auditor of Marion County. *See Rossman v. Dunson,* 580 N.E.2d 304, 305 (Ind.Ct.App.1991).

2. We heard oral argument in this case on May 25, 2005, in Indianapolis. We commend appellate counsel for their able presentations.

collected by the State for the CAGIT are held in a specific account with the State general fund and remain in that account, earning interest, until the funds are removed for the benefit of the civil taxing units that are entitled to the money. In exchange for Coonrod's services, Coonrod was to be paid 33.3% of the amount of assets that his corporation recovered for the Auditor.

Coonrod ultimately disclosed to the Auditor that the available funds contained in the Hendricks County special account amounted to $8,269,493. The money was deposited with the Hendricks County Treasurer and distributed to the various civil taxing units. Thereafter, Coonrod sought $2,756,222 in payment as his contingent fee for his services. After his demand for payment was rejected, Coonrod filed his initial complaint against Marsh, the current Hendricks County Auditor, on June 10, 2003. The complaint was filed in Marion County, and Coonrod's corporation was the named plaintiff in the action.

At some point, Marsh filed a motion for transfer to the court of preferred venue. Coonrod's corporation then assigned its interest in this case to Coonrod personally on July 11, 2003. Coonrod also filed an amended complaint alleging breach of contract, quasi contract, and promissory estoppel, wherein he named himself as the plaintiff in the action. As a result, Marsh moved to strike the amended complaint, alleging that this filing was improper because Coonrod failed to seek leave from the court to do so as required by Trial Rule 25(C). Marsh's motion also included a request for attorneys' fees regarding this venue dispute.

Thereafter, Marsh supplemented her reply in support of her motion for transfer of venue. A hearing was conducted on the transfer of venue motion where the trial court entered a minute sheet order setting

a striking panel. The panel listed the counties contiguous to Hendricks County, one of which was the county that Marsh claimed was the proper venue. The order also specifically reserved the right to seek attorneys' fees on the change of venue dispute. On December 4, 2003, the parties reported to the Marion Superior Court that they had agreed to transfer the matter to Boone Superior Court I. The Marion Superior Court approved, and the cause was filed and docketed on December 17, 2003.

Marsh then filed a motion for attorneys' fees and costs associated with the change of venue dispute and moved to dismiss Coonrod's complaint pursuant to Indiana Trial Rule 12(B)(6). In the motion to dismiss, Marsh contended that she was only acting as an agent of the various taxing units. Thus, Marsh contended that these taxing units had to be named as the defendants in the action.

Following a hearing, the trial court granted Marsh's motion to dismiss and denied her request for attorneys' fees. In relevant part, the order provided as follows:

Count I, alleging breach of contract, should be dismissed for the reason that the Auditor lacks authority to enter into the contract at issue.

Count II, based upon promissory estoppel, should be dismissed for the reason that there can be no reasonable reliance upon any promises made by the Auditor when the Auditor lacks authority to contract.

Count III should be dismissed because, while Plaintiff may have conferred a benefit upon the various taxing units in Hendricks County, the Auditor is the mere conduit for tax money and there

was no benefit conferred upon the Auditor.

Appellant's App. p. 4.

Coonrod now appeals the grant of the motion to dismiss, and Marsh cross-appeals the denial of her request for attorneys' fees.

## DISCUSSION AND DECISION

### I. Standard Of Review

The standard of review on appeal of a trial court's grant of a motion to dismiss for failure to state a claim is de novo. *Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). We do not defer at all to the trial court's decision because deciding a motion to dismiss based on failure to state a claim involves a pure question of law. *Id.* That is, it does not require reference to extrinsic evidence, the drawing of inferences therefrom, or the weighing of credibility for its disposition. *Bader v. Johnson,* 732 N.E.2d 1212, 1216 (Ind.2000). The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Sims,* 757 N.E.2d at 1024. If a complaint states a set of facts that would not support the relief requested, even if they were true, we will affirm the dismissal. *Id.*

Also, when reviewing a dismissal for failure to state a claim, we view the pleadings in a light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *McDonald v. Smart Prof'l Photo Copy Corp.,* 664 N.E.2d 761, 764 (Ind.Ct.App.1996). "A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Id.* We do not assess the sufficiency of facts in support of the complaint. Rather, we determine whether the complaint states any set of allegations upon which the trial court could have granted relief. *Id.*

### II. Propriety of Dismissal

■ Coonrod maintains that the trial court's dismissal of the complaint was improper because the allegations he set forth established that the county auditor had the authority to enter into the agreement. In essence, Coonrod argues that when considering the facts pleaded in the amended complaint as true and drawing all reasonable inferences in his favor, the trial court could not have concluded that he was not entitled to relief under any set of circumstances. Therefore, Coonrod urges that the judgment of the trial court must be reversed.

■ In resolving this issue, we first note that Indiana Code section 36–2–9–10 expressly provides that an auditor may sue any principal to recover funds. However, the statute is silent as to how such suits are to be funded. And a companion statute, Indiana Code section 36–2–9–14, provides that if the auditor expends funds without approval of the county fiscal body, she commits a class A misdemeanor. In particular, this statute provides that except for monies that by statute are due to the state or township or municipality, money shall be paid from a county treasury only upon a warrant drawn by the auditor. Further, a warrant may be drawn on a county treasury only if the county fiscal body has made an appropriation for the money and if it is budgeted. I.C. § 36–2–9–14(c).

In examining these statutes, there is nothing indicating that the auditor—absent approval from the county—has the authority to enter into a contract to pay a fee to a third party for the recovery of assets such as CAGIT funds. These statutes notwithstanding, Coonrod directs us to *Tippecanoe County v. Ind. Mfrs. Ass'n,*

784 N.E.2d 463 (Ind.2003), for the proposition that the auditor had the authority to execute the agreement under our Home Rule Act[3] provisions. In *Tippecanoe,* the county—acting through its properly authorized officials—entered into an agreement with a third-party contractor to perform an audit of self-reporting businesses in order to determine whether personal property taxes had been properly reported. The facts showed that the county engaged the third-party contractor because it lacked sufficient staff to perform the audits in an efficient manner.

Our supreme court ultimately determined that while the county may have lacked the express authority to enter into this type of contract, the Home Rule Act provides that counties, municipalities, and townships are granted all the powers that they need for the effective operation of government as to local affairs. *Id.* at 465. In accordance with the Home Rule Act, the State's policy is to grant these governing bodies "all the powers that they need for the effective operation of government as to local affairs." I.C. § 36–1–3–2. Such entities possess, in addition to powers granted by statute, "all other powers necessary or desirable in the conduct of [their] affairs, even though not granted by statute." I.C. § 36–1–3–4(b)(2). Hence, in accordance with that statute, it was determined in *Tippecanoe* that the county had the authority to hire third-party contractors to recover personal property tax funds from self-reporting businesses. *Id.* at 465.

Unlike the circumstances in *Tippecanoe*—where it was the county that entered into the contract—there was no duly authorized official in this instance who was a contracting party. Moreover, there is no allegation that such an action was undertaken with the consent or approval of any member of the ruling body of the county. *Tippecanoe* dealt with an interpretation of Indiana code section 6–1.1–36–12, which expressly permits a "board of county commissioners, a county assessor, or an elected township assessor to enter into a properly approved contract for the discovery of property that has been undervalued or omitted from assessment." In contrast, there is no similar provision under the CAGIT statutes. For these reasons, it is apparent to us that the auditor lacked the authority in this instance to contract with Coonrod to obtain the CAGIT funds, absent the consent or approval of the necessary county officials.

We similarly reject Coonrod's reliance on *State v. Rankin,* 260 Ind. 228, 294 N.E.2d 604 (1973) in support of his position that the auditor had the authority to enter into the contract with Coonrod. In *Rankin,* it was determined that a Trial Rule 12(B)(6) motion dismissing a case on the grounds that the Attorney General lacked authority to commence an action was improper. Our supreme court observed that under the facts that were alleged, two statutes were implicated that would have permitted the Attorney General to bring suit. *Id.* at 606. The determination of whether those facts existed to warrant the application of those statutes was a factual determination to be made at the trial court level. *Id.* Hence, because a set of facts existed that could render one—if not both—of the statutes applicable, the *Rankin* court decided that a motion to dismiss was inappropriate. *Id.*

Unlike the circumstances in *Rankin,* there are no statutory or common law provisions related to the collection of CAGIT funds that would permit the county auditor to bring suit. That said, there is simply no basis under which the auditor

---

3. Ind.Code § 36–1–3–1 to –9.

could have jurisdiction based upon the factual allegations that were pleaded in this instance. Hence, we must conclude that Marsh could not have drawn a warrant and paid the fee that Coonrod sought without the county fiscal body's approval. As a result, the county auditor did not have the authority to execute the agreement, and the trial court properly dismissed Coonrod's complaint.

### III. Cross–Appeal

■ Turning to the cross-appeal, Marsh asserts that the trial court erred in denying her request for attorneys' fees that were associated with the change of venue dispute. Inasmuch as Marsh contends that Coonrod commenced the action in the wrong county in bad faith, she argues that Indiana Trial Rule 75(C) provides that the trial court was obligated to order payment of reasonable attorneys' fees.

■ Indiana Trial Rule 75(C) provides that:

> When the case is ordered transferred under the provisions of this rule or Rule 21(B) the court shall order the parties or persons filing the complaint to pay the filing costs of refiling the case in the proper court and pay mileage expenses reasonably incurred by the parties and their attorneys in resisting the venue; and if it appears that the case was commenced in the wrong county by sham pleading, in bad faith or without cause, the court shall order payment of reasonable attorneys' fees incurred by parties successfully resisting the venue.

A trial court's order on a motion to transfer a case under this rule is reviewed for an abuse of discretion. *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). An abuse of discretion will be found when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

To illustrate the potential application of Trial Rule 75(C)'s provisions, we note that in *Pratt* and *Parkison v. TLC Lines, Inc.*, 506 N.E.2d 1105 (Ind.Ct.App.1987), the plaintiffs commenced an action in a proper venue that was not the primarily preferred venue. In both cases, we held that some action more egregious than simply failing to select a primarily preferred venue must be present to support an award of attorneys' fees under Indiana Trial Rule 75(C). In essence, we found that there was no evidence of "egregious action" greater than failing to select a primarily preferred venue. *Pratt*, 713 N.E.2d at 317; *Parkison*, 506 N.E.2d at 1109.

Here, Marsh argues that this case may be distinguished from the circumstances in *Pratt* and *Parkison* because the evidence showed that Coonrod's CPA firm commenced this action in Marion County. Marsh then filed a motion for transfer to a court of preferred venue. And, eleven days after this motion, Coonrod attempted to amend the complaint by way of an assignment to Coonrod himself, as an individual, without seeking prior trial court approval. Marsh thus claims that the assignment was not made in good faith because no consideration changed hands between the corporation and the individual. Also, after the assignment had been made, Coonrod challenged the motion to transfer venue on the grounds that, as an individual, Coonrod was entitled to have the action heard in Marion County.

As the action progressed, the parties agreed to a striking panel identical to the one that would have been chosen had the action commenced in Hendricks County. In light of the actions engaged in by Coonrod, Marsh argues that he committed acts of "sham pleading" to the extent that his conduct amounted to bad faith. To be sure, Marsh asserts that Coonrod's actions of making an illusory assignment for no

consideration and for the sole purpose of avoiding a motion to transfer venue is precisely the type of egregious action contemplated by *Pratt* and *Parkison* that should entitle her to recover attorneys' fees. That is, because Coonrod caused Marsh to incur a greater expense in prosecuting her motion to dismiss, the trial court should have ordered him to pay her reasonable attorneys' fees.

In examining Marsh's arguments with respect to this issue, we note that when the assignment was made from Coonrod's business to himself, he accepted all of the responsibilities and obligations of a civil litigant, including the responsibility for maintaining this action and the payment of any expenses and costs associated with it. Hence, contrary to Marsh's claim, the necessary consideration for an assignment was in fact furnished, inasmuch as the detriment that Coonrod faced supplied the required consideration. Also, it has been held that a party's motive regarding venue is generally irrelevant. By way of illustration, in *Banjo Corp. v. Pembor*, 715 N.E.2d 430 (Ind.Ct.App.1999), this court determined:

> Although Banjo questions the Pembors' motivation in adding the claim for the damage to Bruce Pembor's clothing and equipment, it stipulated that the items were damaged in the incident. Based on the plain language of T.R. 75(A)(2), which establishes that preferred venue lies in the county in which the chattels are kept if the claim relates to injury to chattels, we hold that the Pembors established Johnson County as a preferred venue.

*Id.* at 432. When considering the above, it is apparent that Coonrod's amended complaint established preferred venue in Marion County under Trial Rule 75(A)(5),[4] and Coonrod's motives regarding the change of venue are not relevant. Hence, Marsh has failed to show that Coonrod's conduct was so egregious that it warranted the granting of attorneys' fees. As a result, we conclude that the trial court properly exercised its discretion in denying Marsh's motion for attorneys' fees.

The judgment of the trial court is affirmed.

KIRSCH, C.J., and BARNES, J., concur.

---

4. Preferred venue lies in:
   (5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint.