**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 29 2013, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SEAN E. KENYON**
Hoeppner Wagner & Evans LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**CLARK W. HOLESINGER**
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DENISE POLAK, | ) |
| | ) |
| Appellant-Counterclaim Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| DIANNE ROSE, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| DIANNE ROSE, LAKE COUNTY TRUST | ) |
| COMPANY, AS TRUSTEE FOR TRUST | ) |
| #6041, and JEANNE COLLINS LIVING | ) |
| TRUST, DIANNE ROSE, TRUSTEE, | ) |
| | ) |
| Third Party Defendants, | ) |
| | ) |
| vs. | )    No.  64A05-1205-PL-284 |
| | ) |
| TIFFINY JORDAN, | ) |
| | ) |
| Appellee-Defendant/Counterclaimant. | ) |

**January 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

### Case Summary and Issues

In 2007, the elderly Jeanne Collins sold a tract of land to Tiffiny Jordan. The purchase agreement, signed by Jordan and by Collins's daughter Dianne Rose, required Jordan to make payments for two years and then pay the balance of the purchase price. Jordan failed to pay the balance on the specified date but continued to make payments, which Collins and Rose accepted without objection. Four months later, Collins's other daughter Denise Polak contacted Jordan and told her that the original purchase price would no longer be honored and that she should send payments directly to her rather than to the bank.

Three months later, Rose filed a small claims eviction complaint against Jordan, characterizing the relationship with Jordan as landlord/tenant, and the small claims court issued a possession order against Jordan. Before the damages phase commenced, Jordan filed a counterclaim against Rose. Shortly thereafter, Jordan filed a motion to amend her counterclaim, seeking to join Polak and others as party defendants. She also filed a motion

for conversion to the plenary docket. The small claims court granted both motions. The trial court held a hearing, reversed the possession order, granted judgment against all defendants, and awarded damages to Jordan.

Polak filed a motion to correct error, which was denied by a different judge. She now appeals, claiming that the trial court improperly joined her as a party and that she had no individual liability to Jordan. We reverse.

### Facts and Procedural History

In 2007, Collins owned a tract of land. She had two daughters, Rose and Polak, to whom she had given powers of attorney. On July 3, 2007, Rose entered into a purchase agreement with Jordan, pursuant to which Jordan would make a $2000 down payment, make monthly payments of $1191.91 to Horizon Bank, and pay the balance of the $150,000 purchase price by January 31, 2009. Rose signed the contract in her own name; Collins did not sign it. Although Jordan did not pay the balance by the specified date, she continued to live on the property and make monthly payments without objection from either Rose or Collins. In May 2009, Polak notified Jordan that the original purchase price would no longer be honored and requested that she send her payments directly to her and not to the bank, as previously specified. On August 12, 2009, Polak notified Jordan in writing that the original terms were no longer binding and that new terms and pricing would be established in consultation with Collins.

On August 21, 2009, Rose filed a pro se small claims eviction action against Jordan, characterizing her as a tenant rather than a purchaser. The small claims court entered an

order of eviction and possession against Jordan, to be effective on September 30, 2009.

Damages were to be determined at a later hearing.

On October 20, 2009, Jordan filed a pro se counterclaim against Rose. A week later, by counsel, Jordan filed a motion to amend the counterclaim to join as defendants the Jeanne Collins Living Trust, Lake County Trust Company as trustee, Dianne Rose as trustee, and Polak in her individual capacity. She also filed a motion for conversion to the plenary docket. The small claims court granted both motions. Discovery ensued, and a damages hearing was eventually set for January 6, 2012. In the interim, Collins died. Jordan failed to appear at the hearing, and the presiding judge pro tempore, Judge Mitchell Peters, denied her counsel's motion for continuance.

On February 1, 2012, Judge Peters reversed the small claims eviction and possession order and entered judgment against all defendants for $12,889.55, representing Jordan's equity in the property. Judge Peters subsequently awarded Jordan $7926.96 in attorney's fees and costs. Polak obtained counsel and filed a motion to correct errors, which Judge David L. Chidester denied. She now appeals.[1] Additional facts will be provided as necessary.

### Discussion and Decision

In this appeal, Polak raises the same issues that she raised unsuccessfully in her motion to correct error. In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct.

---

[1] The remaining counterclaim and third party defendants of record in the trial court are not participating in this appeal but are nonetheless parties to this appeal pursuant to Indiana Appellate Rule 17(A).

App. 2010), *trans. denied* (2011). Where the issue is purely a question of law, we apply a de novo standard of review. *Id.*

### I. Joinder

Polak first contends that she was improperly joined as a defendant. Jordan asserts that Polak waived her misjoinder argument by failing to timely object to being joined. The proper action for a party challenging joinder is to timely file a motion to drop the improperly joined party or to seek severance. *McCoy v. Like*, 511 N.E.2d 501, 507 (Ind. Ct. App. 1987), *trans. denied* (1988). Polak failed to do either. As such, we find this issue waived.

### II. Liability

Polak also contends that Judge Pro Tempore Peters erred in finding her personally liable to Jordan because, at all times with respect to Jordan, she was acting only as her mother's agent. Judge Peters's order contains extensive findings of fact and conclusions thereon. Ind. Trial Rule 52(A). Thus, in reviewing the judgment, we first determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Pramco III, LLC v. Yoder*, 874 N.E.2d 1006, 1010 (Ind. Ct. App. 2007). The judgment will be reversed only if it is clearly erroneous. *Id.* Findings of fact are clearly erroneous where the record lacks any evidence or reasonable inferences to support them. *Id.* A judgment is clearly erroneous where our examination of the record leaves us with the firm conviction that a mistake has been made. *Id.* In conducting our review, we consider only the evidence and reasonable inferences favorable to the judgment, and we neither reweigh evidence nor judge witness credibility. *Id.*

Judge Peters's order reads in relevant part as follows:

5.    On July 3, 2007, *Dianne Rose and Jeanne Collins undertook to sell* certain real estate [in] Kouts, Indiana.

….

8.    That the contract, while titled a Purchase Agreement, was treated by the parties and understood to be a land sale contract as testified to by Dian[n]e Rose and Carol [sic] Polak.

….

10.    The contract and its addendum are clear that the parties entered into an agreement that Tiffiny Jord[a]n would purchase the property at $2,000.00 down and monthly payments of $883.67 at 6% for two years with the buyout of the property after two (2) years. That over that time period the *Sellers* would pay the cost of insurance and taxes.

11.    That for various reasons, the *Sellers* agreed to extend the land sale contract beyond the two (2) years.

12.    That in August of 2009, at the filing of petition for eviction and damages, the *Sellers* unilaterally decided the contract was void, that Tiff[i]ny Jordan was a month to month tenant, not entitled to buyout the contract, and took action to repossess the property without credit to Tiffiny Jordan's equity.

13.    These actions are contrary to the contract which required 90 (ninety) days written notice of default which default the *Sellers* considered to be June, 2009.

14.    The use of eviction proceedings runs afoul of the long standing case law of *Skendzel*. *Skendzel v. Marshall*, 415 U.S. 921 (1974) [sic[2]] held that judicial foreclosure is required of all liens upon real estate and herein Tiffiny Jordan had at the least an equity lien in this property.

15.    Over time, Tiffiny Jordan paid directly to Horizon bank the sum of $27,389.93 and $2000.00 directly to *Seller* for a total of $29,389.93 toward the contract price of $150,000.00.

---

[2] The correct citation is *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973), *cert. denied* 415 U.S. 921 (1974).

16.     There is no evidence that the *Sellers* paid the required taxes or insurance as agreed and the mortgage would not have been in arrears if the sellers had made said contribution of $3,130.00 for taxes, $525.00 for insurance each year, and had not already had late payments on the Horizon loan. This Court finds that the late payment fees are not attributable to Tiffiny Jordan.

17.     Exhibits A and H show that the parties intended the payment to be $887.33 per month amortized over 30 years.

18.     Tiffiny Jordan made payments in excess of the $887.33 per month.

19.     Tiffiny Jordan was remove[d] from the house by eviction in September of 2009 when the *Sellers* filed an eviction proceeding. The Court, at the eviction hearing, reviewed the documents for the sale, but it appeared on the face of the documents that it was a Purchase Agreement and not the land sale contract as the *Sellers testified* at trial.

20.     At the date of eviction, there can be no debate that Tiffiny Jordan paid $29,389.93 toward the contract.

21.     The Court finds that Tiffiny Jordan made principal payments of $12,889.55 and interest payments of $17,177.51.

22.     Tiffiny Jordan's equity in the real estate is $12,889.55 based on the original contract price. While the *Sellers* listed the property in 2009 for $169,900 it never sold. The actual sale price in 2007 is the best evidence of value.

23.     In accord with the above, the Plaintiff's claim for rent is denied. That at the time of eviction Tiffiny Jordan was ahead on payments due, and the monthly rent amount claimed by *Sellers* has no basis in fact.

….

26.     The Court notes that the contract provides for the prevailing party to be entitled to Attorney fees and costs. [Jordan's counsel] shall submit an attorney fee affidavit within 10 (ten) days.

JUDGMENT FOR [JORDAN] IN THE AMOUNT OF $12,889.55, costs and attorney fees.

Appellant's App. at 14-17 (emphases added).

We agree with Polak's assertion that the judgment does not establish a basis of liability against her. In Finding 5, Judge Peters states that "Dianne Rose and Jeanne Collins undertook to sell" the land in question. *Id*. at 14. Throughout the remainder of his findings, Judge Peters uses the term "Sellers" without specifically defining the term to mean anyone other than Rose and Collins. As such, we disagree with Judge Chidester's subsequent attempt to recharacterize Polak as a seller in his order on Polak's motion to correct error, which reads in pertinent part as follows:

> The Judge Pro Tem found by a preponderance of the evidence that Defendant, Polak, as an heir to the decedent, Jeanne Collins, incurred liability by writing a letter to Counterplaintiff Jordan in which she threatened her with eviction, advised her that she was a realtor and now handling the real estate affairs of her mother, Collins, generally failed to abide by the *Skendzel* doctrine, wrongfully participated in the eviction of Jordan and was otherwise negligent in her dealings with the Counterplaintiff/Plaintiff [sic]. Polak is wrong to argue that she suddenly dropped into the case and liability was attached to her. The Judge found a basis of liability and this Court is not now willing to find or correct any error.

*Id*. at 18-19. We see nothing in the original judgment or in the record before us to support such a conclusion. Thus, we conclude that Judge Chidester abused his discretion in denying Polak's motion to correct error.[3]

Even if Judge Peters intended to include Polak within the undefined term "Sellers," it would be inaccurate to characterize her as such. Although Polak was Collins's daughter and attorney-in-fact, she did not sign the land sale contract. Even if she had signed it, she would

---

[3] Judge Chidester did not hear the evidence at trial, and it is not entirely clear why he issued the order on Polak's motion to correct error.

8

not have been subject to personal contract liability unless she had failed to disclose her status as agent and Collins's identity. *Tolliver v. Mathas*, 538 N.E.2d 971, 976 (Ind. Ct. App. 1989) *trans. denied* (1990).[4]  In short, Polak was neither a party to the contract individually nor a signatory for an undisclosed principal.  Therefore, she would not have been subject to contract liability even if such a claim had been specifically made against her.

With respect to Polak's potential tort liability, Jordan alleges that Polak and Rose made misrepresentations to the small claims court, characterizing her as a tenant subject to eviction rather than a purchaser under an installment land contract.  An agent who commits a tortious act against a third party is equally liable with her principal. *McDonald v. Smart Prof'l Photo Copy Corp.*, 664 N.E.2d 761, 764 (Ind. Ct. App. 1996).  This includes tort liability for the agent's own fraudulent representations or for knowingly assisting in the principal's commission of fraud against a third party. *Id.*

Here, Jordan did not assert fraud in her amended counterclaim against Polak, and she raises it now in her brief without developing a cogent argument with proper citation to authority.  Indiana Appellate Rule 46(A)(8) requires that the argument portion of a party's appellate brief contain her contentions on the issues supported by both cogent reasoning and citation to relevant authority and portions of the record on which she relies.  Noncompliance results in waiver of that argument on appeal. *Nealy v. Am. Family Mut. Ins. Co.*, 910 N.E.2d

---

[4] Rose signed the contract using only her name and not as Collins's agent.

842, 849 (Ind. Ct. App. 2009), *trans. denied*.[5] *See also* Ind. Trial Rule 9(B) (requiring that in all averments of fraud, the circumstances constituting fraud must be specifically pled). Based on the foregoing, we conclude that Jordan has waived the fraud argument on appeal. Consequently, we reverse the judgment against Polak.

Reversed.

KIRSCH, J., and MATHIAS, J., concur.

---

[5] To the extent that Jordan's fraud claim is based on Polak's alleged fraudulent assurance to the small claims court that Jordan was a tenant, not a purchaser, and Polak's failure to raise a defense to this claim, we note that Polak was not a party to either the contract or the small claims eviction action. Appellee's Br. at 5-6.